THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID RAMIREZ, Defendant-Appellant.

(No. 53903;

First District—December 30, 1970.

Gerald W. Getty, Public Defender, of Chicago, (John E. Hughes and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Robert A. Novelle, and Roger Matelski, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McCORMICK delivered the opinion of the court:

On October 27, 1965, the defendant was tried and found guilty of the unlawful possession of a narcotic drug, and was admitted to probation on November 10, 1965, for a period of 24 months. On February 10, 1967, a warrant of arrest was issued, together with an affidavit, indicating that the defendant had failed to report to his probation officer and was due to answer a theft charge in court on February 14, 1967. That charge was apparently stricken with leave to reinstate, since nothing more appears in the common law record regarding its disposition. On September 26, 1967, the defendant, after being bound over to the grand jury, was indicted for unlawful sale of a narcotic drug. On July 17, 1968, he was found guilty of the charge and sentenced to 10 to 12 years in the penitentiary. On September 25, 1968, a rule to show cause was issued as to why his probation should not be terminated, and at the hearing on the rule on January 3, 1969, his probation was terminated and he received the sentence of two to twelve years.

On appeal the defendant's sole contention is that the sentencing language is vague, and that this court should construe the sentence on the probation violation as running concurrently with that for unlawful sale. However, during the course of oral argument, *sua sponte*, this court raised the question of the jurisdiction of the Circuit Court in revoking defendant's probation, since more than 24 months had elapsed from the time he was admitted to probation to the time of the hearing on the rule to show cause. Since the point had not been briefed or argued, this court gave the Assistant State's Attorney ten days to file a memorandum on the subject. That memorandum has been filed, and since we have a reply to the question, we shall now consider that matter.

At the time the warrant was issued for defendant's arrest for probation violation [February 10, 1967], par. 117—3(b) of ch. 38, Ill. Rev. Stat. 1965, provided in pertinent part:

When a warrant is issued the court shall within a reasonable time after the apprehension of the probationer conduct a hearing on the issue of the probation violation.

Effective as of August 11, 1967, the following language was added to par. 117—3(a): "The issuance of such warrant shall toll the running of the probationary period until the final determination of the charge, * * *" The State has relied on this provision in urging that the pro-

bationary period was tolled because a warrant was issued within the period of probation. Based on that warrant the State argues that the Circuit Court maintained jurisdiction to consider the issue of revocation. We reject this argument for several reasons.

■■ First, by the express wording of the statute the probationary period is tolled by the issuance of "such warrant"; in other words, that warrant which serves as the basis for the ultimate hearing. As we have already pointed out, the only warrant issued was based on failure to appear before the probation officer and a theft charge; however, the rule to show cause was not based on that warrant, but on the conviction of a sale of narcotics. Hence, the period was not tolled. Furthermore, the statute did not become law until six months after the warrant had been issued; thus, before the statute could be construed to apply under the facts, this court would have to rule that the provision could be given retroactive effect. This the court is not prepared to do.

■■ Finally, it is undisputed that the defendant was in custody at least as of September 26, 1967, some 46 days prior to the stated expiration date of his probationary period. We have set out the statute in effect at the time defendant was admitted to probation and the warrant issued for his arrest. No reason is offered as to why he was not afforded his hearing within the remaining 46 days of his probationary period. We do not believe the unamended version of par. 117—3 justifies the conclusion that the probationary period can be tolled by the issuance of an arrest warrant.

In *People v. Cahill*, 300 Ill. 279, the Supreme Court reversed a judgment of the Circuit Court. The Circuit Court had revoked probation and sentenced the defendant for the crime upon which he had been granted probation. At that time the probation period could be no longer than one year, with a one-year extension. The defendant had been admitted to probation on September 18, 1919, and no order was entered to extend the period beyond the one year. The probation period then should have expired September 18, 1920, yet the probation was revoked based on evidence of criminal conduct occurring in November 1920. The Supreme Court in its opinion [page 288] sustained defendant's contention "that the circuit court had lost jurisdiction of this case and was without jurisdiction to enter the judgment and sentence against him." The lower court had jurisdiction until September 18, 1920. The Supreme Court stated at page 289:

"It was then the right of the defendant to have the cause disposed of *at once* during the September term of court. * * * Under the holdings of this court there was no authority for a sentence after that term, unless the record had shown some sufficient reason for the delay,

by reason of the fact that the final hearing under section 7 of the Probation act had been begun and for some satisfactory reason had been continued to the November term." [Emphasis supplied.]

The *Cahill* opinion indicates that without a tolling statute or "sufficient reason for delay" after proceedings have begun within the probationary period, when the period terminates the Circuit Court is without jurisdiction to conduct a hearing on the issue of the revocation of that probation. After the period has lapsed the probation is terminated and there remains nothing to revoke.

In *People v. McMurray*, 391 Ill. 271, the Illinois Supreme Court followed the opinion in *Cahill* and reversed another Circuit Court judgment in which probation had been revoked. The defendant was admitted to probation on October 13, 1936. At the time of that decision the law still provided that the probation period could be no longer than a total of two years. At the May term in 1937, the State's Attorney asked that a rule be entered for the defendant to show cause why the order placing him on probation should not be revoked. The State's Attorney alleged that the defendant had unlawfully possessed and carried a deadly weapon during his period of probation. On June 30, 1937, the court took the matter under advisement, continued it generally, and released the defendant from custody. No further action was taken until February 1, 1939, at which time the State's Attorney again requested a rule to show cause. A rule issued, the defendant's probation was revoked, and he was sentenced to the penitentiary. The Supreme Court reversed the judgment and said, at page 275: "Two years was the longest possible period to which action upon probation could be postponed under the statute applying to defendant." The court reasoned that even if it considered the defendant as having been recommitted to probation at the June 30, 1937 hearing, "it could not be for a longer period than one year; and the exercise of jurisdiction by the court after that period, under the *Cahill case*, would be a nullity." [Page 276.]

In the case before us the defendant was admitted to probation for a 24-month period on November 10, 1965; however, his hearing on the rule to show cause was not conducted until January 3, 1969, although the defendant was in custody prior to the expiration date of his probationary period, November 10, 1967. No reason is given for the long delay. While it is true that the defendant was tried and found guilty of the sale of narcotics on July 17, 1968, it is no excuse to say that the State was awaiting the outcome of that case before it took action on the revocation of probation. In *People v. Sluder*, 107 Ill.App.2d 177, at 180, this court held that "a probation revocation proceeding and a criminal proceeding are independent of one another and, accordingly, the result of one has

no bearing on the other * * *" See also *People v. Morgan,* 55 Ill.App. 2d 157, 161; and *People v. Kuduk,* 320 Ill.App. 610, 617.

In *Sluder* the defendant had argued [page 179] that "any evidence of the commission of a criminal offense other than a record of conviction therefor is immaterial and hence, prejudicial." In that case the court pointed out that in *People v. Price,* 24 Ill.App.2d 363, the defendant's probation had been revoked on the charge that he had committed the offense of rape during probation. Although he was indicted for rape, no prosecution followed after the State had obtained the revocation of the probation. In *Sluder* there was no indictment at all for the offense which served as the basis for the revocation of the defendant's probation. This was seen as no bar to the proceedings because of the independence of probation revocation proceedings and a criminal prosecution, and at page 180 the *Sluder* court noted that the *Price* court had held "that neither the Probation Act nor any principle of law required that a probationer's violation of a penal statute be first determined in an independent criminal action."

■■ Since a defendant is not entitled to postponement of the revocation proceedings until there has been an adjudication on the charge which serves as the basis for the probation revocation, the State cannot allow the probationary period to lapse and then argue that it has done so to first test the criminal charge. If the State chooses to do so it is bound by the consequences of its non-action.

We hold that the August 11, 1967 tolling amendment does not apply to this action; that even if it did, the probationary period in this case would not have been tolled since the particular arrest warrant issued was not the basis of the rule to show cause. We further hold that the defendant's probationary period expired on November 10, 1967; that since there were no hearings then in progress regarding his alleged violation, and since no reason is offered as to why the proceedings were not commenced, the Circuit Court was without jurisdiction to have revoked defendant's probation after November 10, 1967.

The judgment of the Circuit Court is reversed.

Judgment reversed.

LYONS and BURKE, JJ., concur.