(No. 44326.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. HUBERT A. DAWES, Appellant.

*Opinion filed May 22, 1972.*

GERALD W. GETTY, Public Defender, of Chicago (JAMES N. GRAMENOS, Assistant Public Defender, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and STEPHEN R. KRAMER, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

On May 21, 1959, defendant pleaded guilty to the charge of obtaining money and goods by means of a confidence game. He was placed on probation for a period of five years and ordered to make restitution. On May 20, 1964, on petition of the probation officer, probation was extended for a period of two years. On May 20, 1966, a rule was entered to show cause why the defendant's probation should not be revoked. A hearing on this rule to show cause was continued from time to time and on July 9, 1968, the circuit court of Cook County entered an order revoking the defendant's probation and sentencing him to the Illinois State Penitentiary for a term of from one to six years on his original plea of guilty. The appellate court affirmed the conviction *(People v. Dawes (Ill.App. 1971), 270 N.E.2d 214)*, and this court granted leave to appeal.

The defendant first contends that the trial court lost jurisdiction of the case and could not revoke defendant's probation because the probation period as extended had expired on May 20, 1966, and probation was not revoked until July 9, 1968. Defendant's chronology of events indicates that there was a lapse between the termination of the probationary period as extended on May 20, 1966, and October 3, 1967, on which date, defendant states, the probation department complained that defendant had failed to pay the balance of restitution and a warrant was issued for his arrest. The proper sequence as revealed by the record indicates that this lapse did not in fact occur. On May 20, 1966, at the instance of the State's Attorney, a rule to show cause why probation should not be revoked and terminated was entered and a hearing on the rule was continued until June 9, 1966. On the latter date, by agreement of defendant, his counsel, and the State's Attorney, hearing on the rule was continued until December 1, 1966. On that date, again by agreement of defendant, his counsel, and the State's Attorney, the hearing was continued until March 1, 1967, on which date defendant moved the court for a hearing on restitution and the court, on motion of the defendant, continued the cause until March 31, 1967. The record does not indicate the nature of the motion on restitution. There were three more continuances, the last one being until October 3, 1967. On this date counsel for defendant appeared but the defendant did not appear. The probation department thereupon filed an application for a warrant for the defendant's arrest for failure to appear on such date. This is the document which the defendant now contends instituted the revocation proceeding. We do not agree.

At the time of the entry of the original rule to show cause on May 20, 1966, the statute pertaining to revocation of probation (Ill.Rev.Stat. 1965, ch. 38, par. 117—3) provided: "(a) When within the period of probation a petition charging a violation of a condition of probation is

presented to the court which admitted the person to probation the court may issue a warrant for the arrest of the probationer. (b) When a warrant is issued the court shall within a reasonable time after the apprehension of the probationer conduct a hearing on the issue of the probation violation. ***"

Effective August 11, 1967, the following language was added to section 117—3(a): "The issuance of such warrant shall toll the running of the probation period until the final determination of the charge, but shall not operate to expand the period of probation of any probationer whose probation is not revoked as a result of the hearing." Ill.Rev.Stat. 1967, ch. 38, par. 117—3(a).

We need not decide whether under the 1967 amendment it is necessary for a warrant to issue before the running of the probation period is tolled. The amendment was not in effect at the time that the original order on the rule to show cause was entered.

Within the period of probation the State's Attorney had requested and the court had entered a rule on the defendant to show cause why the probation should not be terminated. Both the defendant and his counsel were in court at that time. Being before the court in the revocation proceeding and subject to the jurisdiction of the court, it was not necessary that a warrant be issued to apprehend the defendant (22 C.J.S., Criminal Law, sec. 404). The statute (section 117—3(b)) required that within a reasonable time after the apprehension of the probationer the court must conduct a hearing on the issue of the probation revocation. On May 20, 1966, the defendant and his counsel were before the court and the court set the rule to show cause for hearing on June 9, 1966. The many continuances thereafter were agreed to and in some instances requested by the defendant. It appears from the record that these continuances were to enable the defendant to make restitution to avoid the probation revocation. Although the actual revocation occurred more than two

years after the original rule to show cause was entered, in view of the circumstances we do not consider this to be unreasonable.

The defendant contends that the revoking of his probation and sentencing him to the penitentiary for failure to make restitution denies him equal protection of the laws, citing *Williams v. Illinois, 399 U.S. 235, 26 L.Ed.2d 586, 90 S.Ct. 2018; Morris v. Schoonfield, 399 U.S. 508, 26 L.Ed.2d 773, 90 S.Ct. 2232,* and *Griffin v. Illinois, 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585.* Defendant has made no showing that he has in any way been discriminated against. He has not shown that he is indigent. Defendant is a real-estate broker and was engaged in several construction projects. He may not have been in a liquid financial position at the time of the revocation of his probation, but he has not established indigency. Mr. Justice White stated in *Morris v. Schoonfield:* "As I understand it, *Williams v. Illinois* does not mean that a State cannot jail a person who has the means to pay a fine but refuses or neglects to do so." 399 U.S. 508, 509.

Defendant's last contention concerns the general attitude of the trial judge in the conduct of the revocation hearing. Defendant charges that the trial judge was overly concerned with the collection of the money and cites *People v. Harpole, 97 Ill.App.2d 28,* to the effect that restitution of money should not be the primary concern of the court. *Harpole* involved the original determination of whether probation should be granted, and the refusal of probation in that case was based on the defendant's failure to achieve restitution. In our case probation had been granted. A condition of the probation as authorized by statute (Ill.Rev.Stat. 1957, ch. 38, par. 787) was that the defendant make restitution. This he failed to do, although the time within which compliance was to be had was liberally extended. This condition of probation was thus violated and the court was authorized to imprison the defendant. (Ill.Rev.Stat. 1967, ch. 38, par. 117–3(b).) We

can see no application to the defendant at this stage of the theory of penology discussed in *Harpole.*

Defendant also states that the trial judge resorted to personal knowledge rather than the record in determining the defendant's probation violation. Although some of the comments of the judge at the revocation proceeding reflect that he was well acquainted with the case and the nature of the same, the record does not show that the determination of the court was based on any knowledge outside of the record. The comments complained of relate primarily to the defendant's business involvements. These, however, are related at length in the record by the defendant and his attorney. The defendant had originally been granted the maximum period of probation permissible under the statute (five years) within which to make restitution. When he had not complied, he was given the maximum extension of probation (two years) within which to comply. When he failed to do so, the revocation hearing was continued time after time so that the defendant would have an opportunity to comply. At the final hearing the defendant was still optimistically predicting that with a little more time he could satisfy the conditions of his probation. Viewing the entire record in this case we can see no infringement of the defendant's rights, either statutory or constitutional. The judgment of the appellate court is affirmed.

*Judgment affirmed.*