THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL BOUCHER, Defendant-Appellant.

(No. 56253; ▮▮▮▮▮▮▮▮)

First District (4th Division)—March 14, 1973.

David C. Thomas, of Mandel Clinic—Legal Aid Bureau, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and John C. O'Rourke, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal from an order revoking defendant's probation for petty theft and sentencing him to serve one year in the Cook County

Jail. On appeal, the defendant argues that his rights under the Illinois and United States Constitutions were violated when his probation was revoked for failure to make restitution payments when the only reason for said failure was his indigency.

The defendant was originally charged by indictment with grand theft in violation of section 16—1 of the Criminal Code. (Ill. Rev. Stat. 1969, ch. 38, par. 16—1.) On April 26, 1971, the defendant requested a conference with the court. Thereafter the defendant entered a negotiated plea of guilty to a reduced charge of petty theft and was placed on three years probation with the condition that he make monthly payments of $200, totalling $2,800, to repay the money he had stolen. The defendant, who at this time was unemployed, was specially advised that failure to make payments would be a violation of his probation. On August 9, 1971, a hearing was held to show cause why the defendant's probation should not be revoked. The probation officer testified that the defendant had made only one payment of $150 since being placed on probation. The defendant testified that he had been unable to secure employment and was without funds. The defendant's probation was revoked and he was sentenced to serve one year in the Cook County Jail.

■■ The defendant argues that he is being imprisoned for "failure to pay a fine" in violation of his rights under both the Illinois and United States Constitutions. To support his argument the defendant cites a line of cases, holding that an indigent person may not be imprisoned for failure to pay a fine when his indigency is the only reason for nonpayment. In the case at bar, the defendant is not imprisoned for failure to pay a fine. The defendant, after a conference with the court, entered a negotiated plea of guilty to reduced charges of petty theft and voluntarily accepted a period of probation with a condition being that he make restitution of the money he had taken. Probation is not a sentence, but a suspension of a sentence. (*People v. Gentry,* 5 Ill.App.3d 1088, 284 N.E.2d 428.) The defendant was unemployed at the time he entered his plea and nonetheless voluntarily accepted probation with the condition of restitution, rather than go to jail. He knew the terms of his probation when he entered his plea of guilty and was specially advised that his failure to make restitution would result in a revocation of his probation. When the defendant failed to make the required restitution, his probation was properly revoked. (*People v. Dawes,* 52 Ill.2d 121, 284 N.E.2d 629; *People v. Mylander,* 3 Ill.App.3d 252, 278 N.E.2d 492.) He was then sentenced for the first time on the original crime for which he was convicted, not as a punishment for any acts occurring after his conviction. (*People v. Ford,* 4 Ill.App.3d 291, 280 N.E.2d 728.) Unlike the cases cited by the defendant, in which the defendant was incarcerated

as a penalty until the fine was paid at a set rate per day, here the defendant is incarcerated for the crime of petty theft for a set term, not for acts occurring after his conviction. The defendant's incarceration for the crime of petty theft is not incarceration for the failure to pay money. None of the defendant's constitutional rights have been violated.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.