THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALICE M. HARDER, Defendant-Appellant.

(No. 57984;

First District (1st Division)—November 26, 1973.

HALLETT, J., took no part.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

PER CURIAM:

Alice M. Harder, defendant, appeals from an order revoking her probation for theft and forgery and sentencing her to a term of one to three years. On appeal defendant argues that her failure to make restitution payments was an insufficient basis upon which to revoke her probation since her failure to make those payments was not willful.

Defendant was charged by indictment with theft and forgery. On February 11, 1972, after a pre-trial conference, defendant entered a negotiated plea of guilty and was placed on probation for a period of five years with the conditions that she serve the first 90 days on the

work release program and that she make restitution at the rate of $100 every two weeks for the first 90 days and $50 every two weeks thereafter until the balance of $6,500 was reached.

On July 20, 1972, a hearing was held on a rule to show cause why defendant's probation should not be revoked. The rule was based on the fact that since being placed on probation, defendant had never reported to the probation officer and had made only $450 of the court-ordered restitution payments. At the hearing the probation officer related to the trial judge the facts as stated in the rule to show cause. Defendant's counsel informed the trial judge that the reason defendant had not made the court-ordered restitution payments was that her husband was injured and had become unemployed and she was the sole support of her family. Due to these financial difficulties she found it impossible to make the court-ordered restitution payments. At the conclusion of the hearing, defendant's probation was revoked and she was sentenced to a term of one to three years.

On appeal, defendant argues that since her failure to make the court-ordered restitution payments was not willful, but was due to financial difficulties, this was an insufficient basis upon which to revoke her probation. In *People v. Boucher,* 10 Ill.App.3d 750, 295 N.E.2d 334, the defendant was placed in probation with the condition that he make restitution payments. He failed to make the required payments and his probation was revoked. Defendant appealed, arguing that to revoke his probation solely because of his failure to make court-ordered restitution payments when his failure to make those payments was not willful, violated his constitutional rights. This court rejected this contention, holding that defendant's probation was properly revoked and did not violate any of his constitutional rights. See also *People v. Dawes,* 52 Ill. 2d 121, 284 N.E.2d 629; *People v. Mylander,* 3 Ill.App.3d 252, 278 N.E.2d 492.

■■ In the case at bar, defendant knew the terms of her probation prior to entering her negotiated plea of guilty. She voluntarily accepted probation with the condition that she make restitution rather than go to jail. When she failed to make the required restitution payments her probation was properly revoked.

Defendant also argues that the United Code of Corrections provides that probation shall not be revoked for failure to make restitution payments unless the failure is willful (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—6—4(d)). Defendant argues that this provision is applicable to her case since her case has not yet reached final adjudication. The Unified Code of Corrections provides (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4):

"If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing *the sentences* under this act shall apply if they are less than under the prior law upon which the prosecution was commenced." (Emphasis ours.)

The Code, by its very terms, provides that the sentences of the Code apply if the case has not yet reached final adjudication. The substantive provisions of the Unified Code of Corrections do not have a retroactive effect.

■■ In the case at bar, defendant's probation was revoked and she was sentenced prior to the effective date of the Unified Code of Corrections. Defendant does not now argue that her sentence is excessive under the terms of the Unified Code of Corrections.

■■ We have also noted that there is ample evidence of defendant's failure to report to her probation officer as required as a condition of her probation (Ill. Rev. Stat. 1971, ch. 38, par. 117—2(a)(3)). This ground alone was sufficient to justify a revocation of defendant's probation. *People v. Freeman*, 49 Ill.App.2d 464, 200 N.E.2d 146; *People v. Henderson*, 2 Ill.App.3d 401, 406, 276 N.E.2d 372, 376.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

Mr. JUSTICE HALLETT took no part in the consideration or decision of this case.