counsel's argument was prejudicial and deprived him of a fair trial. It seems obvious that after the presentation of the above cited evidence, defendant's attorney decided that it was in his client's best interest to prevent a conviction for murder by urging that defendant was only guilty of voluntary manslaughter. We cannot under all the circumstances characterize counsel's strategy as ineffective representation. *People v. Gill*, 54 Ill.2d 357, 297 N.E.2d 135.

■■ We reverse the conviction for voluntary manslaughter, but under our power as expressed in Supreme Court Rule 615(b)(3) find the defendant was proven guilty of involuntary manslaughter beyond a reasonable doubt. We, therefore, remand this cause to the circuit court with directions to enter a judgment of guilty of involuntary manslaughter and to impose a sentence for that crime appropriate to the facts and circumstances of the case.

Reversed and remanded with directions.

SULLIVAN, P. J., and LORENZ, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GREGORY HALL, Defendant-Appellant.

(No. 58259;

First District (5th Division)—January 31, 1974.

478

PER CURIAM.
ENGLISH, J., took no part.

James J. Doherty, Public Defender, of Chicago (John M. Kalnins, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People,

THE PEOPLE ex rel. EDWARD WOJCIK, Plaintiff-Appellee, v. THE VILLAGE OF HARWOOD HEIGHTS et al., Defendants-Appellants.

(No. 58418;

First District (5th Division)—January 31, 1974.