The People of the State of Illinois, Plaintiff-Appellee, v. James Gary Sloan, Defendant-Appellant.

(No. 73-252;

Fifth District—June 5, 1974.

Robert E. Farrell and Steven Clark, both of Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Robert H. Howerton, State's Attorney, of Marion, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant was charged on March 29, 1973, by an information with the crime of aggravated battery. A preliminary hearing was held on April 5, 1973, and on April 10, 1973, the defendant waived indictment and pled guilty to the offense of aggravated battery. Pursuant to a plea agreement the defendant was sentenced to probation for a period of 3 years. The defendant was represented by counsel at the preliminary hearing and also at his plea of guilty.

On May 24, 1973, a petition to revoke the defendant's probation was filed. This petition was amended on June 2, 1973, so as to charge that the defendant violated the terms of his probation by committing the offense of arson and by possessing and consuming alcoholic liquor.

On July 9, 1973, the defendant pled guilty to violating his probation, and he was sentenced, pursuant to a plea agreement, to a minimum of 1 and a maximum of 3 years in the penitentiary. Before the plea was accepted, the defendant was informed of the nature of the charge against him; that he had a right to a hearing at which the State would have to prove the charges by a preponderance of the evidence; that he had the

right to confront witnesses and have witnesses called on his behalf. The court also determined that there was a factual basis for the plea and that the plea was entered voluntarily. Defendant was represented by counsel at the plea.

The defendant complains in this appeal that he was not properly informed of the possible sentence that he could receive. The only reference to the possible sentence at the revocation proceeding was the following:

> "Court: Do you further understand that if you   *   *   *   if this court finds that you violated your probation, of course, you could be sent to the penitentiary on the original charge of aggravated battery. Do you understand that?
>
> Defendant: Yes."

The issue raised in this appeal is whether a defendant must be informed of the possible sentence when he pleads guilty to probation revocation. "It seems hardly necessary to indicate that where defendant has been found guilty, granted probation, that he should upon violation of his probation be once again admonished as to the possible sentence that might be imposed. There is no analogy as counsel contends, between acceptance of a plea of guilty and the imposition of a sentence upon the revocation of probation." (*People v. Evans*, 3 Ill.App.3d 435.) This same reasoning was adopted in *People v. Beard*, 15 Ill.App.3d 663, which cites *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L.Ed.2d 656, 93 S.Ct. 1756. The United States Supreme Court stated at page 789:

> "*   *   *   we deal here, not with the right of an accused to counsel in a criminal prosecution, but with the more limited due process right of one who is a probationer or parolee only because he has been convicted of a crime."

In the instant case, the defendant was afforded the same due process rights given to defendants who plead guilty to a criminal offense. He was informed of the nature of the charge against him and admonished of his right to a hearing and of his rights at that hearing. The defendant was further informed that at his hearing the State would have to prove the charges by a preponderance of the evidence, not beyond a reasonable doubt, but just by a preponderance of the evidence; he would have the right to be confronted by his accusers and his counsel could cross-examine them, and he would also have the right to have witnesses testify in his own behalf. He was represented by an appointed attorney, and it was the same attorney who had represented him at his original plea of guilty to the aggravated battery. The defendant had agreed to the negotiated sentence of 1 to 3 years. He was told, and stated that he understood, that he could be sentenced upon probation revocation for

the conviction of aggravated battery. The defendant had been earlier informed when he pled guilty that the possible penalty for aggravated battery was a term of from 1 to 3 years. That was an understatement of the actual penalty, but a defendant is not prejudiced by such an understatement.

In *People v. Hardnett* (1971), 132 Ill.App.2d 843, the court stated that "the defendant is entitled to and was given a conscientious judicial determination according to accepted procedural methods upon the question of whether the conditions of his probation were violated." The supreme court in *People v. Pier*, 51 Ill.2d 96, 100, considered the problem and the following language was used:

> "Since the results of a probation revocation may be a deprivation of liberty and, consequently, as serious as the original determination of guilt, we agree with the holdings of these cases that due process of law requires that a defendant charged with having violated his probation be entitled to a conscientious judicial determination of the charge according to accepted and well recognized procedural methods."

Following the guidelines as set out in *Pier*, the trial court need not precisely follow Supreme Court Rule 402 as if the probationer were making a plea of guilty to a criminal offense. "An admission of a probation violation is significantly different in nature and effect from what is involved in a plea of guilty to the original criminal charge. A probationer has no right to a hearing by a jury, and the State is required to prove the violation only by a preponderance of the evidence, rather than by proof beyond a reasonable doubt." (*People v. Beard*, 15 Ill.App. 3d 663.) The defendant in this case was afforded the necessary due process and the admonitions given him by the trial court demonstrate that the court judicially determined in a conscientious manner that the defendant was guilty of violating the probation which had been granted and was aware of the consequences of admitting his guilt.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.