THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARLOS KING, Defendant-Appellant.

(No. 59287;

First District (1st Division)—November 27, 1974.

James J. Doherty, Public Defender, of Chicago (Matthew J. Beemsterboer and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Jerome Charles Randolph, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

On March 2, 1972, the defendant, Carlos King, entered a plea of guilty to a charge of robbery and was sentenced to 5 years' probation. Pursuant to the State's petition to revoke this probation, a hearing was held on April 6, 1973, which resulted in the revocation of the probation and the imposition of a sentence of 15 to 20 years in the penitentiary. From this, the defendant appeals.

The issues presented are (1) whether the State proved a violation of probation by a preponderance of the evidence; (2) whether the court must admonish the defendant in accordance with Supreme Court Rule 402 in revocation of probation proceedings when the grounds are stipulated and consist of a subsequent conviction; and (3) whether the sentence imposed is excessive.

We affirm, but reduce the minimum sentence so as to conform with the Unified Code of Corrections.

The probation, which was revoked in this case, was imposed upon the defendant on March 2, 1972, after he had pleaded guilty to a charge of robbery. At that time, he was already on an earlier probation given him in a robbery case by Judge Hechinger. On March 6, 1973, a probation violation warrant was issued on the grounds that the defendant had failed to report to his probation officer, and that on January 22, 1973, he had pleaded guilty to armed robbery in Rockford, Illinois, where the court denied probation and incarcerated him pending sentencing. As a result of this Rockford conviction, the defendant was sentenced to a 2- to 6-year prison term. On March 16, 1973, the State filed a petition requesting that the defendant's probation be revoked. The grounds alleged in the petition for revocation were that the defendant had been convicted of armed robbery in case #1901 in Rockford, Illinois, and had been sentenced to a term of two to six years in the penitentiary, and that the defendant had previously been convicted of robbery and criminal trespass upon a guilty plea on January 27, 1970, for which he was granted a 3-year probation. The petition further stated that these allegations constituted a violation of the conditions of probation under section 5—6—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—3.)

At the hearing on the rule to show cause why the probation should not be terminated, the witness for the State, an officer from the Adult Probation Department of Cook County, testified, apparently from the petition for revocation, repeating the allegations set forth therein. No ob-

jection was made to this testimony. Counsel for the defendant stipulated that the defendant-probationer had been convicted and sentenced in Rockford, as stated in the petition, but asked leave of court for time to vacate the Rockford conviction, "[b]ecause he (the defendant) tells me he was led to believe that upon entering his guilty plea, he would receive three to five years from this Court on his probation violation." (Record at 4.) The court denied defendant's motion, and proceeded to hear matters in mitigation which the defense had to present. At this point, the defendant testified as to his marital and employment status. The defendant stated that when he entered a plea of guilty to the offense for which he was convicted in Rockford, the State's Attorney in Rockford had given assurances to him that the court here would only impose a sentence of 3 to 5 years for the violation of his probation. The court stated for the record that no such representations had been made by the court to the State's Attorney in Rockford or to the State's Attorney in Cook County. Other than this assertion by the defendant and the statement of defense counsel made earlier at the hearing, there is no indication in the record before us that any such promises were relied upon by defendant in entering his plea in the Rockford case. At the conclusion of the hearing in mitigation, the trial court revoked defendant's probation and imposed a 15- to 20-year sentence to run concurrently with the sentence imposed by the Rockford court.

■■ On appeal, the defendant contends that the State failed to prove a violation of probation by a preponderance of the evidence. In support of this contention, the defendant points out that the State did not produce any evidence tending to show when the offense, resulting in the Rockford conviction, occurred. According to the defendant, there was therefore no evidence that the act, upon which the Rockford conviction is based, was committed subsequent to his being placed on probation. It is self-evident that a subsequent conviction, in and of itself, is not a violation of probation. Rather, the State must prove that a criminal statute was violated after the probation has been granted. The defendant argues that in the absence of proof as to when the criminal conduct for which the defendant was convicted occurred, the State did not prove a violation of probation.

In addition, the defense contends that the testimony of the probation officer consisted of hearsay and that such evidence, which was the only evidence introduced by the State, is not sufficient to warrant a finding by the court of a probation violation. Thus, the defendant argues, the State did not prove a violation of probation by a preponderance of the evidence.

■■ We find this argument to be without merit. We first note that this court has held in *People v. Collins* (1973), 14 Ill.App.3d 446, 302 N.E.2d

709, that a probation violation may be proved only by competent evidence. (*People v. Collins* (1973), 14 Ill.App.3d 446, 448, 302 N.E.2d 709; *People v. Dotson* (1969), 111 Ill.App.2d 306, 310, 250 N.E.2d 174.) In *People v. Collins*, the State's evidence consisted of the testimony of the probation officer who was permitted to read the contents of a report prepared by another officer. This testimony was received over defendant's objection in *Collins*. This court agreed with the defendant's contention that the report should not have been admitted over defendant's objection. However, in the present case, there was no objection by the defense to the witness' testimony. Hence, the defense failed to preserve the hearsay issue for review in this case.

■■ Assuming arguendo that the State's evidence was incompetent as hearsay, we affirm the holding in *People v. Collins* (*supra*), that the error became moot when the defendant himself admitted the conviction and by his own testimony produced evidence that the conviction constituted a probation violation. The defendant testified, as stated above, that he had pleaded guilty to the Rockford charge of armed robbery in the hope of receiving lenient treatment on this probation violation. On the basis of this testimony, the trial judge was fully warranted in finding that the crime for which the defendant was convicted in Rockford had been committed by the defendant during the time he was on probation. In light of the stipulation of defense counsel to the conviction coupled with the defendant's statement that he had violated probation, we find that the probation revocation was proven by competent evidence, and that the State sustained its burden of proving a probation violation by a preponderance of the evidence. *People v. Collins* (1973), 14 Ill.App.3d 446, 302 N.E.2d 709; *People v. Killion* (1969), 113 Ill.App.2d 461, 251 N.E.2d 411; *People v. Thornton* (1972), 4 Ill.App.3d 896, 282 N.E.2d 276.

The next issue to be considered is whether the trial court erred in not admonishing the defendant in accordance with Supreme Court Rule 402, pertaining to pleas of guilty. (Ill. Rev. Stat. 1973, ch. 110A, par. 402.) It is argued by the defendant that the decision of the Illinois Supreme Court in *People v. Pier* (1972), 51 Ill.2d 96, 281 N.E.2d 289, requires that the probationer, in admitting a violation of probation, be afforded the same due process requirements which pertain to pleas of guilty. However, in subsequent cases, this court has limited the broad language of *Pier* in holding that *People v. Pier* is not authority for the broad proposition that Rule 402 is applicable in revocation of probation proceedings when the grounds for the revocation consist of a conviction. (*People v. Collins* (1973), 14 Ill.App.3d 446, 302 N.E.2d 709; *People v. Hall* (1974), 17 Ill.App.3d 477, 308 N.E.2d 235.) The facts in *Pier* involved a post-conviction petition alleging that the defendant's admission of the viola-

tion of probation was induced by an unfulfilled promise by the State's Attorney to recommend a certain sentence. Unlike *Pier*, there is no evidence here that the State's Attorney in Cook County entered an agreement with the defendant relevant to the probation revocation. The record clearly indicates that the trial judge had informed the defendant, when initially granting him probation, of the sentence which would be imposed if the conditions were violated. Record at 8-9.

The basic due process requirements for revocation of probation proceedings have been set forth in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L.Ed.2d 656, 93 S.Ct. 1756. In *Gagnon*, the court indicated that such a proceeding differs significantly from a criminal prosecution.

"[W]e deal here, not with the right of an accused * * * in a criminal prosecution, but with the more limited due process right of one who is a probationer or parolee only because he has been convicted of a crime." (411 U.S. 778, 789.)

Clearly, the probation revocation proceeding in the case at bar complied with the basic requirements set forth in *Gagnon*. It should be noted that in *Gagnon*, the court suggested that even counsel might not be required where, "the probationer or parolee has been convicted of committing another crime or has admitted the charge against him." (411 U.S. 778, 787.) It would follow that if the court is willing to permit such admissions without even requiring counsel, then the procedures set forth in *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, wherein the court enunciated the admonitions required before the acceptance of guilty pleas, and Rule 402 are also not required in every case.

Where, as in the case at bar, the revocation of probation is based upon a subsequent conviction, due process does not require the court to admonish the probationer in accordance with Rule 402 before accepting a stipulation to or an admission of the conviction. Here, the basis for the revocation of probation is a conviction, a product of a judicial determination and a matter of public record. Stipulations to and admissions of such matters certainly do not require the same safeguards which due process requires in the acceptance of pleas of guilty.

■■ Even if we assume that the court must admonish the defendant-probationer in accordance with the basic principles of Supreme Court Rule 402 at probation-revocation proceedings, the record before us indicates that the court did substantially comply with the requirements of the Rule. In the recent case of *People v. Krantz*, 58 Ill.2d 187, 192, 317 N.E.2d 559, the Illinois Supreme Court stated:

"We note first the rule requires that there need be only substantial, not literal, compliance with its provisions. (*People v. Mendoza*, 48 Ill.2d 371, 373-374,) Also, the entire record may be

considered in determining whether or not there was an under-standing by the accused of the nature of the charge. *People v. Doyle*, 20 Ill.2d 163, 167; *People v. Harden*, 38 Ill.2d 559, 563, aff'g *People v. Harden*, 78 Ill.App.2d 431, 444-445."

Given this recent interpretation of the applicability of Supreme Court Rule 402, we find no error in the record before us. The record indicates that the defendant understood the nature of the charge, which in this case was a violation of probation. At the time of granting the defendant probation, the trial judge informed him of the minimum and maximum sentence that would be imposed if the defendant violated the conditions of probation. In addition, the factual basis for the revocation of probation appears on the record. The stipulation and the statements of the defendant at the hearing were clearly not the result of an agreement with the State's Attorney of Cook County and were not induced by threats or promises. Therefore, we find that there was substantial compliance with the basis tenents of Supreme Court Rule 402.

■■ Lastly, the defendant contends that the sentence imposed is excessive. The defendant's record discloses that, in addition to the robbery conviction in the case at bar, defendant has been convicted twice before for robbery, once for petty theft and once for disorderly conduct. We conclude that his maximum sentence of 20 years is not excessive.

The State concedes that, in accordance with the defendant's election to be sentenced under the provisions of the Unified Code of Corrections, the minimum sentence should not exceed one-third the maximum in a Class 2 felony. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).) Accordingly, the minimum sentence of 15 years is reduced to 6 years 8 months, reflecting one-third of the 20 years' maximum. As thus modified, the judgment is affirmed.

Judgment affirmed as modified.

EGAN, P. J., and GOLDBERG, J., concur.