THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM SPEIGHT, Defendant-Appellant.

First District (1st Division) No. 78-584

Opinion filed April 30, 1979.

James J. Doherty, Public Defender, of Chicago (Vito A. Collucci and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

On February 7, 1974, the defendant, William Speight, pleaded guilty to petty theft and possession of a stolen vehicle.[1] He was sentenced to three months on the petty theft charge to be served concurrently with a two-year term of probation for possession of the stolen vehicle. Probation was conditioned on the defendant's spending the first six months of the probation period in jail. The court gave the defendant credit toward both sentences for his preconviction incarceration, a period of little over three months in total.

---

[1] The defendant was indicted on the charge of theft in excess of $150 in violation of section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 16—1) but pleaded guilty to the lesser offense.

On February 2, 1976, five days before the defendant's probation period ended, the State filed a petition to vacate probation alleging that the defendant had never reported to his probation officer, could not be found, and that armed robbery charges were pending against him under the name of Freddie Jones. The State also requested a warrant for the defendant's arrest at that time. The hearing on the State's petition was continued until February 4, at which time the defendant and his counsel, a court-appointed public defender, were present. The arrest warrant sought by the State was never issued because the defendant was found to be in custody on the armed robbery charges.[2] On February 7, 1976, the defendant's probation period terminated. After numerous continuances the probation revocation hearing took place on August 15, 1977, at which time the defendant's probation was revoked and he was sentenced to a term of from two to six years imprisonment.

The defendant raises five issues on appeal. First, whether the court had jurisdiction over the defendant at the time that it revoked his probation because no warrant was issued to toll the running of his probation term. Second, whether credit given for the defendant's presentence incarceration acted to shorten his probation term or only the jail term given to the defendant as a condition of probation. Third, whether the defendant was denied due process when he stipulated that he was the person named in a certified copy of an armed robbery conviction. Fourth, whether the defendant's probation was revoked by a preponderance of the evidence. And fifth, whether the sentence given to the defendant was in excess of that allowed by law.

We affirm defendant's conviction but remand for resentencing.

The defendant initially contends that the trial court had no jurisdiction over him at the time that his probation was revoked in that his probation period terminated on February 7, 1976, prior to the time that his probation was revoked on August 15, 1977, because no summons or warrant was issued to toll the running of his probation period. The defendant asserts that section 5—6—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(a)) outlines the only procedure by which a court may retain jurisdiction over a defendant where a petition to revoke is filed, but no order is issued pursuant to that petition prior to the running of the probation term. The defendant has not referred us to any decisions which support this interpretation of section 5—6—4(a), nor have we been able to find any reported decisions on point.

Section 5—6—4(a) states that:

---

[2] The record reveals that the trial court on February 2 requested the State to determine whether the defendant was in custody before it decided whether to issue the requested warrant.

"When a petition is filed charging a violation of a condition, the court may:

(1) order a summons to the offender to appear; or

(2) order a warrant for the offender's arrest where there is danger of his fleeing the jurisdiction or causing serious harm to others or when the offender fails to answer a summons.

The issuance of such warrant or summons shall toll the sentence of probation or of conditional discharge until the final determination of the charge, and the term of probation or conditional discharge shall not run so long as the offender has not answered the summons or warrant."

Although we agree with the defendant that under section 5—6—4(a) probation is tolled by the issuance of a warrant or summons (*People v. Cirullo* (1963), 40 Ill. App. 2d 181, 189 N.E.2d 381), we reject the defendant's conclusion that this section provides the exclusive method available to toll probation.

■■ ■ Jurisdiction over a defendant in criminal matters requires both personal and subject matter jurisdiction. (*People v. Farley* (1951), 408 Ill. 194, 96 N.E.2d 452; see generally 21 Am. Jur. 2d *Criminal Law* §376 (1965).) Personal jurisdiction is attained by a defendant's appearance before the court. (*Ker v. People* (1884), 110 Ill. 627, *aff'd sub nom. Ker v. Illinois* (1886), 119 U.S. 436, 30 L. Ed. 421, 7 S. Ct. 225; *People v. Bliss* (1970), 44 Ill. 2d 363, 255 N.E.2d 405.) This presence may be obtained by the use of a summons, warrant, the defendant's voluntary presence if the defendant is out on bail, or where the defendant is already in custody by notifying the proper authorities of the date and time in which to bring the defendant before the court. Once a trial court obtains jurisdiction, subject matter and personal, on the original charge that court retains jurisdiction until the defendant fulfills the terms of his probation. Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(10).

■ Generally, a probationer is at liberty when a petition to revoke is filed and, therefore, a warrant or summons is necessary to bring the probationer before the court. However, in this case, because the defendant Speight was in custody at the time the petition to revoke was filed or very shortly thereafter, we are faced with the question reserved by the Illinois Supreme Court in *People v. Dawes* (1972), 52 Ill. 2d 121, 284 N.E.2d 629: whether a warrant is necessary to toll a probation period under our tolling statute in order to retain jurisdiction past the end of the probation term. Upon an analysis of the statute and the purpose for which warrants and summons are issued, we are convinced that the legislature did not intend section 5—6—4(a) to be the sole or mandatory method for attaining jurisdiction over a defendant or tolling probation when probation revocation proceedings are commenced.

Section 5—6—4(a) provides two methods to secure a probationer's attendance in court incident to a probation revocation hearing. Where a probationer might remove himself from the court's jurisdiction, harm someone, or has failed to respond to a summons, a warrant may be sought. In other cases, a summons may be issued. Under the statute the issuance of either tolls the probation period.

■ Where a probationer appears in court and has received prior notice of the revocation proceedings, there is no reason why a warrant or summons is necessary to attain personal jurisdiction (*People v. Dawes* (1972), 52 Ill. 2d 121, 284 N.E.2d 629), nor to guarantee due process (*People v. Reece* (1976), 37 Ill. App. 3d 820, 347 N.E.2d 451). As the appellate court in *People v. Price* (1960), 24 Ill. App. 2d 364, 376, 164 N.E.2d 528, commented in assessing the jurisdiction of a trial court over a probationer:

"How a procedure to revoke an order admitting a defendant to probation is initiated or the form of the process which brings a defendant into court to answer a charge that he had violated the terms of the order admitting him to probation are of little moment."

■ Subject matter jurisdiction over a defendant lasts only for the duration of probation. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(10).) Under section 5—6—4(a) once a defendant is placed into custody pursuant to the issuance of a summons or warrant the running of the probation period is tolled. Because probation is characterized by a supervised effort at rehabilitation without incarceration (*People v. Miles* (1977), 53 Ill. App. 3d 137, 368 N.E.2d 187; *People v. Henderson* (1971), 2 Ill. App. 3d 401, 276 N.E.2d 372), it is appropriate that probation should be tolled when the defendant is taken into custody.

■ The record indicates that the defendant was placed into custody on the armed robbery charge. If an arrest warrant was issued on the armed robbery, it should be noted, that this warrant could not act to toll the probation period because it was not issued pursuant to a petition to revoke. (*People v. Ramirez* (1970), 131 Ill. App. 2d 268, 266 N.E.2d 520.) While the *Ramirez* decision was decided under pretolling statute law, the *Ramirez* court, in dicta, concluded that the tolling statute in effect at the time the decision was rendered, required a warrant which served "as the basis for the ultimate hearing" in order to toll probation. *Ramirez*, at 521.

Under our tolling statute (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(a)) the issuance of a warrant is authorized once the petition to revoke is filed. The section then provides that, "issuance of such warrant * * * shall toll the sentence of probation * * *." Both the clear meaning of the language of section 5—6—4(a) and the court's reasoning in *Ramirez* convince us that if an arrest warrant was issued here it did not toll the defendant Speight's probation term.

■ Where a defendant has not been placed into custody pursuant to a

summons or warrant which would have tolled probation, a trial court still retains jurisdiction after the end of the original probation term where the defendant is given notice of the State's intent to revoke his probation, appears in court pursuant to that notice, and proceedings have, in fact, begun to determine whether the defendant has violated his probation. *People v. Dawes* (1972), 52 Ill. 2d 121, 284 N.E.2d 629; *People v. Cahill* (1921), 300 Ill. 279, 133 N.E. 228; *People v. Ramirez* (1970), 131 Ill. App. 2d 268, 266 N.E.2d 520.

In *Cahill*, the Illinois Supreme Court reversed the trial court's revocation of Cahill's probation because the court neither possessed personal nor subject matter jurisdiction over the defendant. While a warrant was issued in *Cahill*, the supreme court found that the warrant was issued subsequent to the termination of the probation period. The court also noted that the defendant was placed into custody and brought before the court after the termination of his probation based on criminal activity which occurred after the term had lapsed. The *Cahill* court held that the trial court lost jurisdiction over the probationer because the defendant was not taken into custody nor any proceedings initiated prior to the end of the term. In so holding, the court set forth the rule that a trial court has subject matter jurisdiction over a defendant-probationer where an order to revoke is issued prior to the end of the probation term or an order is issued after the term where,

> "* * * the record had shown some sufficient reason for the delay, by reason of the fact that the final hearing * * * had been begun and for some satisfactory reason had been continued * * *." 300 Ill. 279, 289.

In *People v. Dawes* (1972), 52 Ill. 2d 121, 284 N.E.2d 629, a more recent Illinois Supreme Court decision, the supreme court affirmed a revocation of probation where a warrant had not been issued in a case factually close to the case at hand. Dawes was placed on probation for five years after pleading guilty to charges that he obtained money and goods by means of a confidence game. Thereafter, probation was revoked and the defendant sentenced to a term of from two to six years. On appeal, the defendant alleged that the trial court lost jurisdiction over him because no revocation hearings took place until a warrant was issued some time after the end of the probation period. The court rejected this argument noting that the defendant was present in court on May 20, 1966, prior to the end of his term, when the rule to show cause was entered. This provided the court with jurisdiction. The court also rejected the defendant's suggestion that only a warrant would toll the running of the probation period reasoning that:

> "Within the period of probation the State's Attorney had requested and the court had entered a rule on the defendant to show cause why the probation should not be terminated. Both the

defendant and his counsel were in court at that time. Being before the court in the revocation proceeding and subject to the jurisdiction of the court, it was not necessary that a warrant be issued to apprehend the defendant." 52 Ill. 2d 121, 124.

The reasoning in the *Cahill* decision was controlling in *People v. Ramirez* (1970), 131 Ill. App. 2d 268, 266 N.E.2d 520. There the probation revocation was reversed because, although the defendant was in custody, no proceedings were commenced during the duration of the defendant Ramirez' term.

■■ While *Cahill, Dawes*, and *Ramirez* were decided prior to the passage of the tolling provision in effect here (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(a)), the courts' reasoning, in each of these cases, supports the proposition that no warrant or summons is necessary to toll probation where the defendant is in custody at the time the petition to revoke is considered by the court, the defendant appears before the court, and the revocation proceedings begun. Here the defendant was placed into custody sometime before the February 4, 1976, hearing. Therefore, when the court commenced the proceedings on that date with the defendant, William Speight, present, his probation period was tolled. This was a full three days prior to the date on which his probation term would otherwise have terminated. As such, the trial court maintained jurisdiction over the defendant on August 15, 1977, when it entered the order to revoke. Nor do we find excessive the time between the February 4, 1976, hearing and the final determination of the matter since in *Dawes* more than two years elapsed between the entering of the rule to show cause at the first hearing and the final order.

The defendant also attacks the trial court's jurisdiction on the novel ground that the approximately three month credit against his two-year probation shortened his probation term, so that by the time the State first took any action to revoke his probation, it had terminated some three months earlier. We find that the trial court did have jurisdiction over the defendant to revoke his probation.

■■ We agree with the defense contention that, where a defendant's probation is conditioned on serving the first days or months of probation in jail, the defendant is entitled to credit for the time spent in custody prior to sentencing under section 5—8—7(b) of the Unified Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—7(b); *People ex rel. Herring v. Woods* (1967), 37 Ill. 2d 435, 226 N.E.2d 594; *People v. Jones* (1978), 60 Ill. App. 3d 46, 376 N.E.2d 454.) That section provides:

> "The offender shall be given credit on the maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed." Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—7(b).

While both *Herring* and *Jones* held that a defendant who receives probation conditioned by a specified jail term may receive credit for his presentence custody, neither reached the issue raised by the defendant here, that this credit should reduce the total amount of time to be spent on probation because the defendant, in each case, raised the "credit" issue on habeas corpus petitions seeking their release from jail.

There is no statutory provision similar to section 5—8—7(b) which provides for crediting presentence custodial time against probation. In *People v. Miles* (1977), 53 Ill. App. 3d 137, 368 N.E.2d 187, when the court was requested to infer the existence of such a provision on the ground that the defendant's equal protection rights were violated, the court flatly refused to do so. Miles attacked his probation on the ground that the trial court should have credited his presentence custody against his probation term. Like Speight, he argued that had the trial court granted him the credit he would have completed his probation sentence prior to the time that he was revoked.

The *Miles* court, in affirming the revocation, held that probation will not be reduced by presentence custody. At the same time the court also held that the difference between the treatment of presentence custody for defendants sentenced to probation and imprisonment was not arbitrary because the legislature justifiably could have decided not to grant a defendant credit against probation because of the distinctive difference between the nature of imprisonment and probation. The court explained that:

> "[T]he legislature presumably concluded that adequate punishment for one sentenced to probation requires that a probationer serve the full term on probation; not one reduced prior to conclusion of the term or time of revocation, by the amount of time spent in jail prior to the beginning of probation. Since probation is a milder form of punishment, the legislature may have considered that it should be served to its fullest extent. It was probably felt that continuity of probation surveillance for the full period was essential in order to better safeguard the public. A defendant while on probation is not inhibited and is able to help himself become a useful member of society. The function of probation is to permit court supervision over his activity during that period not only to safeguard the public but also to aid the rehabilitative process. Neither function of probation would be furthered by granting the probationer credit at the time of the probation sentence for time spent in jail prior to conviction." *Miles*, at 144.

 William Speight was given a two-year probation period with the first six months to be served at the county jail. Under section 5—8—7(b)

his presentence custody of little over three months was clearly creditable. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—7(b).) Under *Miles* the credit was properly given only against the jail term and not the probation period. The defendant contends that the trial judge intended the defendant's probation term to be shortened by the credit time. We do not think that the trial judge's statement was either clear or conclusive on that issue. The trial judge in deciding to sentence the defendant to a term of probation rather than imprisonment determined that a two-year probation period was necessary to effectuate the ultimate goals of the court in sentencing: punishment, rehabilitation and deterrence. (*People v. Miles; People v. Smice* (1967), 79 Ill. App. 2d 348, 223 N.E.2d 548; *People v. Evrard* (1965), 55 Ill. App. 2d 270, 204 N.E.2d 777.) Additionally, we might note that the trial court could have determined that the type of supervision necessary for the defendant's ultimate rehabilitation, available through the guidance of a probation officer, was not available from personnel at the Cook County Jail. In light of the defendant's record, we cannot say that the probation term was a violation of the trial court's discretion. *People v. Henderson* (1971), 2 Ill. App. 3d 401, 276 N.E.2d 372.

The defendant next argues that the admission that he made at the probation revocation hearing of August 15, 1977, was received in violation of his due process rights. He urges that this error requires us to reverse the trial court so that he may be allowed to plead anew. The defendant maintains that his admission that, while on probation he was charged and convicted of armed robbery under the name of Freddie Jones, made in reliance of the trial court's misstatement of the offense which could be given if his probation was revoked, caused the admission to be neither intelligently made nor voluntary.

Under Supreme Court Rule 402, a defendant must be admonished of the nature of the charge, the minimum and maximum sentence prescribed by law, the right not to plead guilty, and the fact that if a defendant pleads guilty he waives a trial by a jury and the right to confront witnesses against him whenever a guilty plea is accepted by the trial court. Ill. Rev. Stat. 1975, ch. 110A, par. 402.

■■ In *People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, *cert. denied* (1975), 421 U.S. 992, 44 L. Ed. 2d 483, 95 S. Ct. 1999, the Illinois Supreme Court held that Rule 402 was not applicable to guilty pleas accepted in a probation revocation hearing. In *Beard*, the supreme court was asked to reverse a probation revocation because the trial court did not inform the defendant of the maximum and minimum sentence he could receive if his probation was revoked nor did the trial court give the other admonishments dictated by Rule 402. Due process requirements were satisfied, the *Beard* court concluded, where probation was revoked in accordance with the dictates of section 5—6—4(b), (c) of the Unified

Code of Corrections. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(b),(c).) Under these provisions, the State is required to bring forward evidence to prove the violation by a preponderance of the evidence in a hearing in open court where the defendant is afforded counsel, and the right of confrontation and cross-examination. (*People v. Beard.*) The court further noted that besides the section 5—6—4(b) and (c) rights, any decision of the trial court was also appealable. Ill. Rev. Stat. 1975, ch. 110A, par. 604(b); Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—4(g).

■■ The State contends that the present case reveals full compliance with the due process requirement dictated by *Beard.* We agree. The record reveals no threats, coercion, or unkept promises nor does the defendant suggest that any of these factors influenced his decision to admit to the armed robbery conviction unlike the defendant in *People v. Pier* (1972), 51 Ill. 2d 96, 281 N.E.2d 289. Moreover, the defendant was afforded a hearing in open court, had counsel present, and could have cross-examined and otherwise confronted the State's witnesses. Instead, the defendant chose to stipulate to the fact that he had been convicted of armed robbery charges under the name of Freddie Jones while on probation. This removed the State's burden to provide further proof and properly sustained the violation by a preponderance of the evidence. *People v. Beard*; *People v. King*; *People v. Ward* (1972), 4 Ill. App. 3d 631, 281 N.E.2d 703; *People v. Henderson* (1971), 2 Ill. App. 3d 401, 276 N.E.2d 372.

■■ While the trial court did err slightly at the revocation hearing in indicating that the defendant was placed on probation for theft rather than possession of a stolen vehicle and then misstated the sentence, under *People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, *cert. denied* (1975), 421 U.S. 992, 44 L. Ed. 2d 483, 95 S. Ct. 1999, the court was not required to either inform the defendant of the charge or the sentence available under the original conviction. (In accord, *People v. King* (1974), 24 Ill. App. 3d 686, 321 N.E.2d 407; *People v. Sloan* (1974), 20 Ill. App. 3d 142, 312 N.E.2d 641.) In *Sloan,* the court held that the defendant had not been prejudiced by the trial court's understatement of the defendant's sentence where he had been properly informed of the sentence at the guilty plea hearing.

■■ More importantly, the record here, when taken as a whole, persuades us that the defendant knew why he was on probation and what sentence he could receive under the possession charge. At the hearing on the guilty plea, the court informed the defendant of his decision to sentence him to probation on the possession charge and to give him three months jail on the theft charge. On numerous occasions during the hearing the court asked the defendant if he understood the proceedings and whether he wanted to ask any questions concerning the offense he was charged with, his plea, or his sentence. Each time the defendant answered that he understood the proceedings. The order granting probation also clearly states that

probation was granted on the possession charge. In addition, both the defendant and his counsel admitted the armed robbery conviction at the probation hearing after the court had instructed the defendant of the consequences which would follow a finding that he had violated a condition of probation. This implies that both the defendant and his counsel knew of the nature and conditions of the defendant's probation. While the record does show that both the theft and the possession charges were named on the recognizance order and the petition to revoke, this does not negate the fact that the defendant was repeatedly informed that he was placed on probation for possession and not theft.

■■ Nor do we find the defendant's allegation that he relied upon the trial court's misstatement of the sentence to be convincing. The trial judge's error, in stating the sentence which the defendant could receive upon revocation, was in the direction of a stiffer sentence than the defendant actually received. Therefore, the defendant could not have relied upon the statement to his detriment.

The case at hand differs from *People v. Woodruff* (1977), 55 Ill. App. 3d 803, 371 N.E.2d 331, where the defendant Woodruff sought reversal of his probation revocation because when he admitted the charges named in the petition to revoke, all the parties including the trial judge, were under the mistaken impression that the original conviction carried a lower sentence than it actually carried. The appellate court held that Woodruff was entitled to withdraw his admission. Unlike Woodruff, the defendant Speight was instructed of the proper sentence which the possession charge carried at the time he was sentenced.

We also reject the defendant's claim that the State did not prove William Speight's probation by a preponderance of the evidence because the State presented no evidence that the defendant was on probation. The defendant refers us to no decisions which specifically place this burden on the State. We do note, however, that it is axiomatic that a defendant must be on probation in order to have his probation revoked and that the acts alleged in the petition to revoke must have occurred during the probation period. *People v. King* (1974), 24 Ill. App. 3d 686, 321 N.E.2d 407.

■■ The defendant claims that the only evidence pertaining to the fact that he was on probation for the possession conviction was adduced by the trial court prior to the onset of the hearing when the trial judge queried, "He is also the same William Speight who was sentenced before me in 1974, February 7th." Both the defendant and his counsel confirmed that the defendant was the same William Speight. A review of the record reveals that this statement was made well into the hearing on revocation. Thereafter, the defendant and his counsel stipulated to the armed robbery conviction. The court accepted the defendant's admission of guilt and determined that the defendant had violated his probation. The

court, at this time, asked the defendant if he had anything to say prior to sentencing. The defendant answered in the negative. Had the armed robbery occurred outside the probation period or had the defendant denied that he was on probation before the trial court then he could have so stated at that time. The defendant's behavior at the hearing consequently constituted an admission that he was on probation and that the criminal acts which served as the basis of the revocation did occur within the probation period. *People v. King.*

The trial court could have taken judicial notice of the defendant's file which indicated that the defendant was on probation and that the armed robbery, the basis of the revocation, occurred within the probation period. *In re Brown* (1978), 71 Ill. 2d 151, 374 N.E.2d 209; *People v. Davis* (1976), 65 Ill. 2d 157, 357 N.E.2d 792; *In re Ephriam* (1978), 60 Ill. App. 3d 848, 377 N.E.2d 49; *People v. Knight* (1978), 58 Ill. App. 3d 651, 374 N.E.2d 1045.

The defendant alleges that the trial court could not take judicial notice of the defendant's probation because the court was not asked to nor did the trial judge indicate that he was taking judicial notice of this fact. Again the defendant cites no authority for this proposition. The Illinois Supreme Court, in several recent decisions, has recognized the right of a trial court to judicially notice facts introduced in other proceedings in the same case whether or not asked to do so (*Davis* and *In re Brown*), and the defendant has not referred us to any decisions to the contrary.

■■ Here the trial judge was the same judge who placed the defendant on probation. He had the defendant's file before him with the information concerning the fact that the defendant had been placed on probation two years earlier as evidenced by the fact that he questioned the defendant as to whether he was before the court on February 4, 1974. The defendant's record disclosed the fact that the defendant was convicted and placed on probation for the possession of the vehicle, but also noted that a petition to revoke had been filed and that numerous continuances had been sought by both parties since the February 4, 1976, hearing. This record supports the trial court's conclusion that the defendant was, in fact, on probation at the time that he came before the court on an alleged violation which occurred within the probation period. Under this fact situation, we see no reason why the trial court could not take judicial notice of the fact of the defendant's probation whether or not requested to do so by the State.

■■ The defendant's final contention, that he was sentenced to a term of from two to six years imprisonment when the maximum sentence that he could receive under the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 4—108) for possession of a stolen vehicle was three years is conceded by the State. It is obvious that the trial court, under the misimpression at the probation revocation hearing that the defendant was on probation for theft, sentenced the defendant to a prison term consistent with that

impression (Ill. Rev. Stat. 1971, ch. 38, par. 16—1). As this exceeded the sentence available under the law, we remand this matter for resentencing.

For the foregoing reasons the defendant's conviction is affirmed, however, as we noted, we remand the cause for resentencing.

Conviction affirmed; cause remanded to the circuit court of Cook County for resentencing.

GOLDBERG, P. J., and O'CONNOR, J., concur.