(No. 14124.—Judgment reversed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. EDWARD CAHILL, Plaintiff in Error.

*Opinion filed December 22, 1921.*

1. CRIMINAL LAW—*court cannot extend period of probation before termination of first period.* Under the Probation act a defendant can upon no charge be placed on probation for a longer period than one year in the first instance, and the statute authorizes but one extension, which must be made at the termination of the first period and should be accompanied with an order for continuance; and the court has no authority to continue the cause and extend the probation for one year from a date prior to the termination of the first one-year period.

2. SAME—*failure to enter formal order to show cause for violation of probation does not render other orders void.* Where a defendant is brought before the court during the period of his probation and is charged with a violation of the terms of the probation, failure of the court to enter a formal order to show cause why the probation should not be terminated and judgment entered will not render void other orders of the court, where the record shows that there was a hearing on the question, during which the defendant undertook to show cause why he should not be sentenced.

3. SAME—*effect of a void order extending period of probation.* A void order of the court extending a period of probation for one year before the expiration of the one-year period for which the defendant had been placed on probation in the first instance does not invalidate other proceedings and orders of the court, including the setting aside of an order for revocation of probation entered upon the complaint of the probation officer.

4. SAME—*defendant is entitled to disposition of his case at end of probation period.* At the expiration of the period for which a defendant has been placed on probation he is entitled to a correct judgment of the court based upon a report of the probation officer and any evidence that may be offered as to his conduct during or before the probation period, and if he is neither discharged nor sentenced, and no order is entered extending his probation or continuing the cause for satisfactory reason, the court has no authority to sentence the defendant after the term of court during which the probation expired.

5. SAME—*court loses jurisdiction if sentence is indefinitely suspended.* It is the duty of the trial court to pronounce judgment

promptly at the term at which the conviction is had or at a term to which the cause is properly continued for final consideration, and if sentence is indefinitely suspended the court loses jurisdiction and a judgment subsequently entered is void.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

JOHN E. DOUGHERTY, and D. E. CONIGISKY, (I. R. WASSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, E. J. GAL-BRAITH, State's Attorney, and FLOYD D. BRITTON, (REN L. THURMAN, of counsel,) for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

An indictment was returned by the grand jury of Peoria county on September 12, 1919, charging the plaintiff in error, Edward Cahill, with the crime of larceny and receiving stolen property, in three counts. The first count charged him with stealing an automobile, the property of Carl Ohl; the second count charged him with stealing an automobile truck, the property of Carl Ohl; and the third count charged him with receiving stolen property, one automobile, the property of Carl Ohl. On the same day he was arrested by the sheriff on a bench warrant and taken before the circuit court of said county. He was furnished with a copy of the indictment and a list of the State's witnesses, and upon his statement to the court that he did not have counsel or money with which to employ counsel, the court appointed Melville C. Hill, an attorney, to represent him in the suit. On September 16, 1919, he appeared in court with his counsel and withdrew his plea of not guilty and entered in lieu thereof a plea of guilty of receiving stolen property as charged in the indictment, stating that he was twenty-one years of age, and then filed a petition for probation.

The petition was referred to the probation officer of that county for investigation. On September 18, 1919, on a hearing upon his petition the defendant was released on probation in accordance with the provisions of the statute and on the conditions required by section 4 of the Probation act. The cause was continued for one year, and the defendant entered into a recognizance in the sum of $1000 for the faithful performance of the conditions of his release on probation. On January 2, 1920, at the November term, 1919, of said court, the probation officer reported to the court that the defendant had violated the terms of his probation and recommended that the probation be revoked and terminated. The court thereupon entered a finding that the defendant had failed to comply with the requirements of his probation and ordered that the same be revoked and terminated and that an alias *capias* issue for his arrest, which was served on him February 3, 1920, after the November term had adjourned. There were no orders entered in the cause at the January term, 1920. On March 23, at the March term, 1920, the defendant and his counsel appeared in court and the cause was heard upon the motion of the defendant to set aside the order of revocation of probation. The court sustained the motion and entered an order that the defendant be placed on probation for a term of one year and that the cause be continued for one year on the conditions required by section 4 of the Probation act, and the defendant again entered into a recognizance in the sum of $1000, conditioned that he should not during his term of probation violate any of the conditions thereof. On January 3, 1921, at the November term, 1920, there was issued a certain other *capias* or bench warrant, which was served on the defendant February 3, 1921, and he was placed in jail. On February 5, 1921, at the January term, 1921, the defendant appeared in court in person and by counsel and obtained a postponement of the proceedings. On February 11, 1921, at the same term, the defendant

and his counsel appeared in court and upon a hearing upon the report of the adult probation officer the cause was continued to the March term of the court, 1921, and the defendant's bail was fixed at $7500. There were no orders entered in the cause at the March term, 1921. On May 17, 1921, at the May term, 1921, the proceedings in the cause were again postponed, and on May 23 the defendant and his counsel again appeared in court and the cause was heard upon the various charges of violation of the parole "within the year subsequent to March 23, 1920." The court ordered that the probation of the defendant be revoked and terminated, found his age to be twenty-four years, and upon his plea of guilty theretofore entered, after finding the value of the property stolen or unlawfully received to be $250, sentenced him to the penitentiary at Joliet, to be there confined until discharged by due process of law, and that he pay the costs of the prosecution. He has sued out this writ of error to review the judgment and sentence of the court.

By the provisions of section 3 of the Probation act (Hurd's Stat. 1919, p. 1092,) the orders granting or refusing release on probation shall be entered of record. "If such application for probation is granted, the judge granting the same shall thereupon enter an order continuing the cause for a period not exceeding six months in cases of violation of a municipal ordinance and not exceeding one year in the case of other offenses and shall by such order fix and specify the terms and conditions of the probation of such defendant as herein provided. A cause continued pursuant to the provisions of this act shall be deemed subject to the jurisdiction of the court in which it is pending, or any judge thereof, for the full period of its continuance, during which time orders may be entered with respect to the conditions of probation, or final sentence imposed without the formal setting aside of such order of continuance."

By section 6 of the act it is provided that "at any time during the period of probation, the court may, upon report by a probation officer or other satisfactory proof of the violation by the probationer of any of the conditions of his probation, revoke and terminate the same and issue a warrant for the arrest of the probationer, which warrant shall run throughout the State, and may be served by any probation officer in the State, or by any officer authorized to serve criminal process in any city or county in the State. Upon the probationer being brought before the court for violation of his probation, the court may enter a rule upon the probationer to show cause why his probation should not be terminated and judgment entered, and sentence imposed upon the original conviction and release upon bail shall be allowed as in other cases. If, upon the probationer being brought before the court, the court shall be of the opinion that the interests of justice do not require the imposition of sentence, and that said probationer should be recommitted to the care of the probation officer, the court may discharge the probationer from arrest, and may re-commit him to the care of the probation officer, subject, however, to the maximum limitation of the probation period as hereinbefore provided. But if the court shall be of the opinion that the interests of justice require the imposition of sentence the same shall then be imposed."

Section 7 of the act provides that "upon the termination of the probation period, the probation officer shall report to the court the conduct of the probationer during the period of his probation, and the court may thereupon discharge the probationer from further supervision, or extend the probation period not to exceed six months in cases of a violation of a municipal ordinance and not to exceed one year in other offenses." When a probationer is discharged, either during or at the expiration of the probation period, entry of the discharge shall be made in the rec-

ords of the court, and the probationer shall be entitled to a certified copy thereof.

There are no sections of the statute other than the foregoing that fix or assume to fix what the statute denominates as the "probation period." This probation period is fixed by the provisions of section 3 of the act, and is fixed by the length of time the court is authorized to continue the cause at the term in which the application of probation is first granted, which time shall not exceed six months where the offense is for violating a municipal ordinance and not exceed one year in the case of other offenses. It is clear that the court may fix this probation period for less than the maximum time specified in the statute but not for a greater time, and in no case can it exceed one year at the time probation is granted, and the statute does not authorize at any time thereafter the extension of the probation period until it has terminated, as provided in section 7 aforesaid. This appears clearly from the provisions of section 7 and also from section 6, which latter section provides that when the probationer is brought before the court upon charges for a violation of his probation, and the court, on consideration of the same, determines that he should be re-committed to the care of the probation officer, his re-commitment is to be subject "to the maximum limitation of the probation period as hereinbefore provided,"—that is, as provided by section 3 of the act. By section 2 of the act, when a defendant has entered a plea of guilty or has been found guilty by the verdict of the jury or by the finding of the court, and nothing remains to be done by the court except to pronounce sentence, he may be committed to probation under the conditions in the act specified. If his probation is granted, the final sentence of the court stands suspended during the probation period, and the order of continuance during that time is entered for the purpose of preventing the court's losing jurisdiction of the cause and of the power to finally dispose of

the defendant either by sentence or discharge or extension of the probation period, and if the probation period is extended at the end of the probation period, a like order of continuance should be entered by the court as in the first instance and for the same reasons.

It is clear for the reasons already given that a defendant can upon no charge be placed on probation for a longer period of time than one year in the first instance, and that the statute does not authorize, at the termination of the probation period, an extension of the probation period, for any offense, longer than one year. It is therefore the intention of the act that the entire probation period of the defendant, when so extended, cannot exceed two years, as the statute authorizes but one extension. The statute intends that the court shall enter an order of continuance of the cause for the probation period when probation is granted and a like order when the probation period is extended as provided in section 7, and when such order of continuance is entered the cause is subject to the jurisdiction of the court in which it is pending, or any judge thereof, for the full period of the continuance, during which time orders may be entered with respect to the conditions of probation, or final sentence imposed without the formal setting aside of such order of continuance, and all orders granting or refusing the release shall be entered of record. It is also clear that the court may fix the original period of probation for a time less than the maximum provided in the act of six months or a year, and if it is fixed for a time less than the maximum in the first instance and the probationer is brought before the court on charges, the court may re-commit him to the care of the probation officer for such time as he deems proper, not exceeding, however, the maximum limit for such probation, which in the first instance is not to exceed in any case one year from the time he was first committed on probation, except as is provided in section 7 for increasing the probation period.

It is the contention of the plaintiff in error on his assignments of error that the court was without authority of law, at the time the order of March 23, 1920, was entered, to re-commit plaintiff in error to probation for the term of one year from that date and to continue the cause for the same time. He also contends that the court having set aside the order of revocation of probation for violation of his parole the court thereby found that plaintiff in error had not in any manner violated his parole, and therefore the entire proceedings had on March 23, 1920, were null and void and all proceedings on and after January 2, 1920, contrary to the statute. We agree with his contention that the court in its order of March 23 did not have authority or power to continue the cause and to extend the probation period for one year from that time, but we do not agree with his contention that all proceedings and orders entered previous to March 23 are void. The statute expressly provides that the court, upon the report of the probation officer or other satisfactory proof that the defendant has violated the terms of his probation, may revoke and terminate the same and issue a warrant for his arrest, etc. It also provides that upon the defendant being brought into court for such violation the court may enter a rule upon him to show cause why his probation should not be terminated and judgment entered; also, that if the court shall be of the opinion, upon consideration of the evidence upon such charge, that the interests of justice do not require the imposition of sentence, he may discharge the probationer from arrest and may re-commit him to the care of the probation officer, subject to the maximum limitation of the probation period. The record does show that there was no formal entry of a rule on the defendant, as required by the act, to show cause why his probation should not be terminated and judgment entered, but it does sufficiently appear that there was a hearing before the court upon that very question, and that the defendant undertook to show cause why he should

not be sentenced, etc., and that the court found that he should not be sentenced but should be re-committed to the care of the probation officer. There was no necessity for fixing the time of his re-commitment, as the period of probation had already been fixed for the statutory limit and could not be exceeded. None of the orders of the court are rendered void because of the fact that the record does not show a formal rule entered to show cause, etc. The void part of the order of March 23, 1920, extending the probation period one year from that date did not invalidate all the other proceedings and orders of the court, and there is no substantial showing that the defendant was prejudiced by any of the proceedings complained of, or that he lost any right by reason thereof. They are all valid except as already indicated, and have no material bearing on the final judgment and sentence in the case.

As the order of March 23, 1920, did not extend the original probation period of defendant, and as this period expired September 17, 1920, at midnight, it was the duty of the probation officer to promptly report the conduct of the probationer during the entire period of his probation, under section 7 of the act, and the court should thereupon have discharged the probationer from further supervision, or should have extended the probation period not to exceed one year, or have pronounced sentence on his plea, according to the showing made by the probation officer. We think it would also have been proper for the court to have heard additional evidence other than the report of the probation officer, both upon behalf of the State and of the probationer; but all such evidence, under section 7 of the act, should have been confined to the conduct of the defendant during or before the probation period. The defendant was entitled to a correct judgment of the court based upon such report and such evidence aforesaid,—a judgment either discharging him, extending his probation, or sentencing him on his plea of guilty.

The record shows that while the probation officer had a report for the consideration of the court when the defendant was sentenced, May 23, 1921, the court did not consider it at all but simply asked the probation officer to file it. That report does not even appear in this record and we do not know what it contains. The court never obtained jurisdiction of the defendant's person until February 3, 1921, when he was served with a *capias* and placed in jail long after the probation period had expired. The bench warrant or *capias* was not issued until January 3, 1921. The evidence upon which the defendant was sentenced did not cover any portion of the probation period and was evidence of criminal conduct occurring in November, 1920, after the probation period had expired. The evidence is, in substance, the following, testified to by two Federal prohibition officers, L. A. Kidder and T. E. Howard, to-wit: These officers had occasion to arrest him on the morning of November 8, 1920, in Peoria. They found two barrels of alcohol in his possession and he was just loading it into his automobile from a garage, and there were ten more barrels in the garage. It was just after midnight of said date. The defendant said that he got the alcohol from a car in East Peoria. The car belonged to the Illinois Traction System, and he told the officers that he got the alcohol on Friday night previous to his arrest. The barrels contained about forty-five gallons each.

The evidence tended to establish a larceny and a burglary in November, 1920, by the defendant almost two months after the probation period had expired. No order was entered upon the records of the court in this case at any time after the probation period expired until January 3, 1921. The claim of the defendant is that the circuit court had lost jurisdiction of this case and was without jurisdiction to enter the judgment and sentence against him. This contention must be sustained. The general order of

continuance for one year during the probation period served to give the court jurisdiction of the cause until September 18, 1920. It was then the right of the defendant to have the cause disposed of at once during the September term of court. The entire term expired without any order or any motion being made in the case upon the part of the court or the State, and it was just as incumbent upon the court to finally dispose of the cause during the September term, 1920, as if the plea of guilty had been entered at that term. Under the holdings of this court there was no authority for a sentence after that term, unless the record had shown some sufficient reason for the delay, by reason of the fact that the final hearing under section 7 of the Probation act had been begun and for some satisfactory reason had been continued to the November term. It is the duty of the trial court to pronounce judgment promptly at the term in which the conviction is had or at a term to which the cause is properly continued for final consideration, and if sentence is indefinitely suspended the court loses jurisdiction and a judgment subsequently entered is void. *People* v. *Leinecke,* 290 Ill. 560; *People* v. *Allen,* 155 id. 61.

Our attention is called by the plaintiff in error's counsel to the fact that the record does not show that at the time the plea of guilty was entered the court fully explained to the accused the consequences of entering such plea, and that for that reason it was error to sentence the defendant on his plea of guilty. There was no assignment of error on this record covering that point, and for the reasons already given it is not necessary to give further consideration to this contention.

The judgment of the circuit court for the foregoing · reasons is reversed.                    *Judgment reversed.*