(No. 58526.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LESTER L. GOODMAN, SR., Appellant.

*Opinion filed March 23, 1984.—Modified on denial of rehearing June 4, 1984.*

GOLDENHERSH, J., took no part.

Randy E. Blue, Deputy Defender, and Susan A. Diehl and Dan W. Evers, Assistant Defenders, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Mark A. Rotert and Steven F. Molo, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE UNDERWOOD delivered the opinion of the court:

The issue before us is whether a probationer who is subsequently sentenced to prison following revocation of

his probation is entitled to credit against that imprisonment for the period between service of the revocation petition, warrant or summons and the sentencing.

On February 14, 1979, the circuit court of Monroe County sentenced defendant, Lester L. Goodman, Sr., to four years' probation for the offense of taking indecent liberties with a child. On June 19, 1981, the State filed a petition to revoke probation, alleging that defendant had violated his probation by committing the offense of battery. A warrant for his arrest was issued that day. Following a hearing on the State's petition, the defendant's probation was revoked, and he was sentenced to five years' imprisonment. The appellate court in a Rule 23 order (87 Ill. 2d R. 23) held that defendant was entitled to credit, in the absence of a contrary direction by the trial judge, but limited that credit to the amount of time defendant served on probation prior to issuance of the arrest warrant (113 Ill. App. 3d 1174). We granted defendant's petition for leave to appeal.

Section 5—6—4(h) of the Unified Code of Corrections provides:

> "Time served on probation *** shall be credited by the court against a sentence of imprisonment *** unless the court orders otherwise." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(h).)

While this section does not appear to limit the credit to be given unless the court so directs, section 5—6—4(a)(3) states:

> "Personal service of the petition for violation of probation or the issuance of such warrant, summons or notice shall toll the period of probation *** until the final determination of the charge, and the term of probation *** shall not run until the hearing and disposition of the petition for violation." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(a)(3).)

The State argues, and the appellate court held, that "time

served on probation" cannot include the period following issuance of a warrant or summons, since the probation period is tolled. (See *People v. Willett* (1976), 44 Ill. App. 3d 545, 552; *People v. Washington* (1975), 28 Ill. App. 3d 812, 814-15; *People v. Houston* (1975), 27 Ill. App. 3d 834, 838.) Any other result, it is urged, would encourage defendants against whom revocation petitions have been filed to delay the proceedings or to flee and then return after the probationary period expired, thus receiving credit for the entire term of probation.

There are, however, problems with the State's position. It would not seem sensible to impute to the General Assembly, because of the tolling provision, an intent to free a defendant from his duty to comply with the conditions of probation because a petition to revoke his probation had been filed. (*Illinois Polygraph Society v. Pellicano* (1980), 83 Ill. 2d 130, 137; *People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 493.) "[T]he provisions for retaining jurisdiction over the probationer cannot justify [the] assumption that the conditions of the probation order do not survive." (*People v. Green* (1980), 91 Ill. App. 3d 127, 130.) It appears anomalous, however, to say that the period of probation is "tolled" for purposes of giving credit for time spent on probation, but is not "tolled" for purposes of complying with the conditions of probation. Too, what happens in the case of the defendant who is found innocent of the violations alleged in the petition to revoke? Is his period of probation to be extended because it was "tolled" during the pendency of the revocation proceedings? Acceptance of the State's argument would, in our opinion, not only undermine the plain language of section 5—6—4(h) by denying credit to violators who successfully comply with the conditions of their probation after a warrant is issued, but would also unjustly penalize those who are found not to have violated their probation.

We believe the purpose of the tolling provision is simply

to ensure that jurisdiction over the probationer is retained and that the period of probation does not expire prior to a hearing upon the petition to revoke. (See *People v. Randolph* (1981), 98 Ill. App. 3d 696, 699; *People v. Green* (1980), 91 Ill. App. 3d 127, 129; *People v. Speight* (1979), 72 Ill. App. 3d 203, 208.) It was not intended, in our judgment, to preclude credit for the interval between service upon defendant of a copy of the revocation petition, summons or warrant and sentencing, unless the trial court directs otherwise. We do not share the State's apprehension that this holding will encourage defendants to delay, to the extent possible, the disposition of revocation proceedings, in order to increase sentence credit, for the trial judge in whose discretion the decision to grant credit rests may deny to such defendants any credit whatsoever. Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(h).

For the reasons stated, we reverse that portion of the appellate court judgment which disallows credit for the period on probation after the arrest warrant was issued and prior to sentencing. The cause is remanded to the circuit court of Monroe County with directions to enter an appropriate order and issue an amended *mittimus* in accordance with this opinion.

*Affirmed in part and reversed*
*in part and remanded,*
*with directions.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.