THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BENJAMIN JOHNSON, Defendant-Appellant.

First District (4th Division)   No. 1—93—0507

Opinion filed June 30, 1994.

Rita Fry, Public Defender, of Chicago (Donald S. Honchell, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Michael P. Golden, and Badrov Cuomo, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

Defendant, Benjamin Johnson, appeals from an order revoking his probation and sentencing him to concurrent prison terms of five and six years, respectively. He raises the following issues for review: (1) whether the State failed to prove the probation violation by a preponderance of the evidence; (2) whether the court lacked jurisdiction to revoke defendant's probation because the State failed to initiate revocation proceedings until after the expiration of his probation term; and (3) whether his sentence was based upon improper factors. We conclude that the court was without jurisdiction to revoke defendant's probation and therefore do not reach the remaining issues.

On February 11, 1991, defendant pled guilty to burglary and violation of bail bond and was sentenced to one year's probation and six months' imprisonment. On June 20, 1991, the State filed a petition to revoke defendant's probation based upon his alleged failure to report to a probation officer for the months of April and May of 1991. The State had notified defendant of the proceedings by certified mail on June 7, 1991. Defendant failed to appear at the June 20, 1991, hearing, and a warrant was issued for his arrest. He eventually was apprehended and appeared in court on November 18, 1991. Following two continuances, a hearing was held in which defendant admitted to the alleged violation, and on December 13, 1991, he was sentenced to 30 days' imprisonment.

On January 18, 1992, defendant was arrested for his alleged participation in a robbery, which was the subject of the revocation petition at bar. The State filed the petition on March 10, 1992, and a hearing was held on June 16, 1992. Following arguments, the court found defendant guilty of the alleged violation and revoked his probation, sentencing him to concurrent terms of six years' imprisonment for burglary, and five years for violation of bail bond. The instant appeal followed.

Defendant argues that the court was without jurisdiction to revoke his probation, because revocation proceedings were not initiated until March 10, 1992, one month after his probation term had expired. In response, the State acknowledges its petition was filed after the expiration of the term as originally imposed; however, the State maintains that the period was tolled for the duration of the

earlier revocation proceedings, and that this operated to extend defendant's term by length of the tolled period.

Generally, the circuit court's jurisdiction over a probationer is coextensive with his probationary term, and once that term expires, the court has no authority to revoke probation even for an offense committed within the term of probation. (*People v. Martinez* (1986), 150 Ill. App. 3d 516, 517, 501 N.E.2d 1003; *People v. Speight* (1979), 72 Ill. App. 3d 203, 208-09, 389 N.E.2d 1342.) Thus, unless the term is tolled, or revocation proceedings have begun during the term which have not yet been adjudicated at its expiration (see Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—4(a)(3)), a revocation petition filed after such expiration is meaningless because "there remains nothing to revoke." (*People v. Randolph* (1981), 98 Ill. App. 3d 696, 699, 424 N.E.2d 893; *People v. Hayslette* (1982), 107 Ill. App. 3d 647, 649, 437 N.E.2d 1261.) Section 5—6—4(a)(3) of the Unified Code of Corrections (Code) states as follows:

> "Personal service of the petition for violation of probation or the issuance of such warrant, summons or notice shall toll the period of probation *** until the final determination of the charge, and the term of probation *** shall not run until the hearing and disposition of the petition for violation." Ill. Rev. Stat. 1991, ch. 38, par. 1005—6—4(a)(3).

The State correctly observes that under this provision, defendant's term had been tolled from June 7, 1991, when he was given notice of the prior revocation proceedings, through December 13, 1991, when those proceedings were completed with his sentencing for the probation violation. The State also concludes, however, that this tolling operated to extend defendant's probation term by the amount of the tolled period, or over six months, and that its subsequent revocation petition was therefore timely. We disagree.

The purpose of Code section 5—6—4(a)(3) "is simply to ensure that jurisdiction over the probationer is retained and that the period of probation does not expire prior to a hearing upon the petition to revoke. [Citations.]" (*People v. Goodman* (1984), 102 Ill. 2d 18, 21-22, 464 N.E.2d 250; *People v. Williams* (1987), 119 Ill. 2d 24, 26, 518 N.E.2d 136.) Absent this statute, revocation proceedings already pending at the term's expiration could never be completed, because the court would be divested of jurisdiction. (See *Williams*, 119 Ill. 2d at 26.) Conversely, we find no support in the statute for the State's proffered construction and can conceive of no rational purpose for it where the revocation proceedings are commenced and completed within the term. The automatic extension of a defendant's probation sentence, regardless of how short the time period, merely because the

State files revocation charges against him, amounts to an arguably unconstitutional practice. This is especially so in light of the fact that probationers are obligated to comply with the terms of their probation throughout the tolled period. (See *Goodman,* 102 Ill. 2d at 21.) Thus, we reject the State's interpretation and find that although defendant's term stopped running during the earlier revocation proceedings, this did not operate to extend his term for the length of that period.

The case of *People v. Owens* (1983), 116 Ill. App. 3d 51, 451 N.E.2d 988, upon which the State relies, is distinguishable, because the initial revocation proceedings there were commenced during the probation term but not yet concluded when it expired. The court determined that the State could properly assert additional grounds for revocation after the expiration of the original term, because those grounds were added during the tolling period. (*Owens,* 116 Ill. App. 3d at 54-55; accord *People v. Laws* (1990), 200 Ill. App. 3d 232, 558 N.E.2d 638.) Section 5—6—4(a)(3) was being applied for its intended purpose in *Owens*; such would not be the situation in the case at bar.

For the foregoing reasons, the court lacked jurisdiction to rule upon the revocation petition of March 10, 1992, filed after the expiration of defendant's probationary term. Accordingly, the judgment on the petition is vacated.

Vacated.

JOHNSON and THEIS, JJ., concur.