NOTICE

Decision filed 04/03/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-07-0467

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
) Circuit Court of
    Plaintiff-Appellant, ) Fayette County.
)
v. ) No. 04-CF-77
)
KEN ALAN THOMAN, ) Honorable
) Michael D. McHaney,
    Defendant-Appellee. ) Judge, presiding.
_____

JUSTICE DONOVAN delivered the opinion of the court:

A Fayette County jury found the defendant, Ken Alan Thoman, guilty of aggravated battery, and the circuit court sentenced him to 90 days in the county jail and 24 months' probation. Approximately three weeks before the termination of the defendant's probation, the State filed a petition to revoke, alleging that the defendant had failed to satisfy a condition of his probation. The defendant filed a special, limited appearance and objected to the circuit court's jurisdiction to grant the relief requested in the petition. The court sustained the defendant's objection and dismissed the petition to revoke, with prejudice. On appeal, the State argues that the circuit court retained jurisdiction of the matter because the mailing of a notice to appear by the circuit clerk tolled the running of the term of the defendant's probation under section 5-6-4(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-6-4(a) (West 2004)) and that the court's decision to dismiss the petition to revoke should be reversed.

I. Procedural History

According to the record, the defendant was charged in the circuit court of Fayette

1

County with the offense of aggravated battery (720 ILCS 5/12-4(a) (West 2004)). The information alleged that the defendant knowingly caused great bodily harm to the victim by repeatedly punching him in the face. A jury found the defendant guilty of aggravated battery. The defendant was sentenced to serve 90 days in the county jail and 24 months' probation, and he was ordered to pay a fine, court costs, and restitution. The court imposed several conditions of probation, including the completion of anger-management counseling. The judgment was affirmed on appeal. *People v. Thoman*, No. 5-05-0269 (2007) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)).

The defendant's term of probation commenced on April 14, 2005. On March 21, 2007, the State filed a petition to revoke the defendant's probation. The State alleged that the defendant failed to complete anger-management counseling, a condition of probation.

On May 9, 2007, the defendant filed a special, limited appearance to contest the jurisdiction of the circuit court. The defendant argued that the court lacked jurisdiction to grant the requested relief because his term of probation had expired on April 14, 2007, the running of his term of probation had not been tolled, and the revocation hearing had not commenced before the expiration of his term of probation. The defendant claimed that under section 5-6-4(a) of the Code, a term of probation is tolled when a defendant is personally served with a copy of the revocation petition or when the court orders a summons, an arrest warrant, or the issuance of a notice to appear, and the defendant argued that none of those things had occurred. The defendant also claimed that the clerk's mailing a notice that had not been ordered by the court was not an act that satisfies the tolling provision of section 5-6-4(a).

In its arguments, the State conceded that it had not personally served a copy of the petition on the defendant or sought a warrant for the defendant's arrest from the circuit court. The State claimed that the defendant's term of probation was tolled when the circuit clerk

2

mailed a notice to appear to the defendant on April 11, 2007. The State argued that the defendant was given notice of the petition while his probation was in effect and that the clerk's mailing the notice constituted compliance, or substantial compliance, with section 5-6-4(a). The State also argued that the defendant suffered no prejudice as a result of a lack of strict compliance with the technical procedures in section 5-6-4(a) and that the revocation petition should not be dismissed because of nonprejudicial, technical errors.

After considering the record and the arguments of the parties, the circuit court sustained the defendant's jurisdictional objection and dismissed the petition to revoke, with prejudice. In its order, the court found that the defendant had not been personally served with a copy of the petition to revoke prior to the expiration of the term of probation and that there was no indication that prior to the expiration of the term of probation any judge had ordered a warrant, a summons, or the issuance of a notice to appear. The court reviewed a handwritten entry in the docket sheet that read "NTA for 5/9/07 at 9 a.m." and concluded that the absence of the initials of a judge adjacent to the entry supported the inference that the entry had been made by the circuit clerk rather than by a judge. The court also reviewed a notice sent to the State's Attorney and the defendant. The notice, issued by the circuit clerk on April 11, 2007, stated that the defendant's case was set for "Petition/revoke" on May 9, 2007. The court found no indication that the notice had been personally served on the defendant or sent to him by certified mail. The court considered the cases cited by the parties, and the court found that none dealt with the precise issue before it. The court stated that the issue was whether the defendant's term of probation was tolled in a case where the revocation petition was filed before the defendant's probation expired but the circuit court had not ordered a summons, a warrant, or the issuance of a notice to the defendant and the defendant had not been personally served with the petition or a notice before his probation expired. The court concluded that the defendant's term of probation had not been tolled and

3

that it was without jurisdiction to consider the cause.

## II. Statutory History

A court's authority to suspend the sentence of and to grant probation to a defendant who has pled guilty to or has been found guilty of a criminal offense is not derived from the common law; it is granted through a legislative enactment. See *Ex parte United States*, 242 U.S. 27, 61 L. Ed. 129, 37 S. Ct. 72 (1916); *People v. Penn*, 302 Ill. 488, 135 N.E. 92 (1922); *People ex rel. Boenert v. Barrett*, 202 Ill. 287, 290-91, 67 N.E. 23, 24 (1903); *People ex rel. Smith v. Allen*, 155 Ill. 61, 39 N.E. 568 (1895).

In *Barrett*, the Illinois Supreme Court stated that a trial court had the authority to delay the pronouncement of a judgment in a criminal case for a reasonable time for purposes of hearing motions for a new trial or in arrest of the judgment or to allow the defendant time to perfect his appeal, but it had no inherent authority to delay indefinitely the pronouncement of the sentence or to suspend the execution of the judgment. The court noted that while some state legislatures in the United States had enacted laws granting to their courts the authority to suspend the imposition of a sentence for the purpose of giving a criminal defendant a chance to reform, the Illinois legislature had opted for a system of parole, administered by a board, for that purpose. *Barrett*, 202 Ill. at 299, 67 N.E. at 27.

The Illinois legislature did not authorize the trial court to grant probation until the early part of the twentieth century. See *People v. Cahill*, 300 Ill. 279, 133 N.E. 228 (1921) (citing section 4 of the probation act (Hurd's Rev. Stat. 1919, ch. 38, par. 509d)). In the early versions of statutes governing probation, a trial court had discretionary authority to grant an application for probation, so long as it was satisfied that there was a reasonable expectation that the applicant could be reformed and that the interests of society would be served. See Hurd's Rev. Stat. 1919, ch. 38, par. 509a *et seq.*; Ill. Rev. Stat. 1959, ch. 38, par. 798. If the court was satisfied that an applicant could be reformed and that society would be benefited,

4

it could order that the case be continued for a finite period, not to exceed the maximum term set forth in the statute, and that the probationer be released from custody under specified terms and conditions.

The order of continuance served to preserve the court's jurisdiction over the cause during the term of probation. *Cahill*, 300 Ill. 279, 133 N.E. 228. The court had a duty to dispose of the case during the period of the continuance, unless the record showed that the final hearing had begun but for a satisfactory reason was continued to the next term of court. *Cahill*, 300 Ill. 279, 133 N.E. 228. In the absence of that showing, the court's jurisdiction over the cause was lost and any judgment subsequently entered was void. *Cahill*, 300 Ill. 279, 133 N.E. 228.

Illinois's probation statutes have undergone countless revisions since the enactment of the original version. Significant amendments affecting probation procedures were approved during the 1960s and 1970s, including the addition of methods for tolling the running of a defendant's term of probation until the final determination of the revocation petition.

After an amendment approved in 1967 (1967 Ill. Laws 2851), when a court issued a warrant for the arrest of a defendant on an alleged probation violation, the issuance of the warrant tolled the running of the term of probation until the final determination of the alleged violation. Ill. Rev. Stat. 1967, ch. 38, par. 117-3(a) (now see 730 ILCS 5/5-6-4(a) (West 2004)). With the adoption of the Unified Code of Corrections, the statute authorized the circuit court to order a summons to the offender to appear on an alleged probation violation and further provided that the issuance of the summons would toll the running of the term of probation. Ill. Rev. Stat. 1973, ch. 38, par. 1005-6-4(a).

The legislature made several changes to these probation procedures in 1979 (Pub. Act 81-815, eff. January 1, 1980 (amending Ill. Rev. Stat. 1977, ch. 38, par. 5-6-4); 1979 Ill.

5

Laws 2941). Under the amended statute, when a probation revocation petition was filed, the court could take the following actions: (1) order the issuance of a notice to the offender by the probation department or other agency designated by the court, (2) order a summons to the offender, or (3) order a warrant for the offender's arrest. Ill. Rev. Stat. 1979, ch. 38, par. 1005-6-4(a). The amended statute further provided that personal service of the petition to revoke or the issuance of the warrant, summons, or notice would toll the running of the term of probation until the final determination of the charge. Ill. Rev. Stat. 1979, ch. 38, par. 1005-6-4(a).

The version of section 5-6-4(a) that was in effect at the time of these proceedings is set forth as follows:

"§5-6-4. Violation, Modification[,] or Revocation of Probation, of Conditional Discharge[,] or Supervision or of a sentence of county impact incarceration–Hearing.

(a) Except in cases where conditional discharge or supervision was imposed for a petty offense as defined in Section 5-1-17, when a petition is filed charging a violation of a condition, the court may:

(1) in the case of probation violations, order the issuance of a notice to the offender to be present by the County Probation Department or such other agency designated by the court to handle probation matters; and in the case of conditional discharge or supervision violations, such notice to the offender shall be issued by the Circuit Court Clerk; and in the case of a violation of a sentence of county impact incarceration, such notice shall be issued by the Sheriff;

(2) order a summons to the offender to be present for hearing; or

(3) order a warrant for the offender's arrest where there is danger of his fleeing the jurisdiction or causing serious harm to others or when the offender

6

fails to answer a summons or notice from the clerk of the court or Sheriff.

Personal service of the petition for violation of probation or the issuance of such warrant, summons[,] or notice shall toll the period of probation, conditional discharge, supervision, or sentence of county impact incarceration until the final determination of the charge, and the term of probation, conditional discharge, supervision, or sentence of county impact incarceration shall not run until the hearing and disposition of the petition for violation." 730 ILCS 5/5-6-4(a) (West 2004).

III. Issues and Analysis

In this case, the State contends that the circuit court's interpretation of the tolling provision of section 5-6-4(a) was erroneous in that it ignored the plain meaning and the legislative purpose of the probation statutes. The State claims that in Fayette County, the circuit clerk routinely issued notices to probationers, that this practice constitutes compliance or substantial compliance with the tolling procedures of section 5-6-4(a), and that any procedural irregularity did not prejudice the defendant. The State concludes that the circuit court retained jurisdiction over the matter because the mailing of a notice to appear by the circuit clerk tolled the running of the term of the defendant's probation under section 5-6-4(a) and that the court's decision to dismiss the petition to revoke should be reversed.

The construction of a statute is a question of law that is reviewed *de novo*. *People v. Perry*, 224 Ill. 2d 312, 324, 864 N.E.2d 196, 204 (2007). When construing a statute, a court attempts to ascertain the legislative intent and render it effective. *People v. Cordell*, 223 Ill. 2d 380, 389, 860 N.E.2d 323, 330 (2006). The best indication of legislative intent is the plain and ordinary language of the statute. *Cordell*, 223 Ill. 2d at 389, 860 N.E.2d at 330. Where the language is clear and unambiguous, it is to be given effect as written, without resort to other aids to construction. *Perry*, 224 Ill. 2d at 323, 864 N.E.2d at 204.

Section 5-6-4(a) specifically provides two methods to toll the running of a term of

7

probation. The first is personal service of the petition to revoke on the defendant. The second is for the circuit court to order a summons or a warrant or to order the probation department, or other designated agency, to issue a notice to appear. The statutory language is certain and unambiguous, and its provisions should be enforced as written.

In this case, the State did not personally serve the defendant with a copy of the petition to revoke, and the circuit court did not order a warrant or a summons or the issuance of a notice to appear. Thus, the statutory tools to toll the running of the defendant's term of probation were not used. Absent tolling, the circuit court was divested of subject matter jurisdiction upon the expiration of the defendant's term of probation.

Though numerous revisions have been made to the probation procedures throughout the years and decades, Illinois courts have consistently held that the circuit court's jurisdiction over a probationer is coexistent with the duration of his sentence of probation and that once that term expires, the court has no authority to revoke or modify his probation. See, *e.g.*, *People v. Johnson*, 265 Ill. App. 3d 509, 511, 637 N.E.2d 700, 701 (1994); *Cahill*, 300 Ill. 279, 133 N.E. 228. The tolling provisions were enacted to ensure that the court's jurisdiction is retained and that the term of probation does not expire prior to a hearing on a petition to revoke. *Johnson*, 265 Ill. App. 3d at 511, 637 N.E.2d at 701. In our view, strict compliance with the statutory procedures is required because the tolling provision preserves the court's jurisdiction of the subject matter where it would otherwise be wanting. In the case at bar, the circuit court did not order the circuit clerk to issue to the defendant a notice to appear, and the mailing of the notice by the circuit clerk, without a court directive, was not a statutorily approved means by which to preserve the court's jurisdiction of the cause. We recognize that there could be extraordinary circumstances under which a defendant would be estopped to deny jurisdiction. See *Penn*, 302 Ill. at 496, 135 N.E. at 96. In this case, we find no circumstances that would give rise to an estoppel argument.

## IV. Conclusion

The circuit court of Fayette County did not err in dismissing the petition to revoke probation for a lack of jurisdiction. Accordingly, the judgment is affirmed.

Affirmed.

WELCH and CHAPMAN, JJ., concur.

NO. 5-07-0467

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Fayette County. |
| | ) | |
| v. | ) | No. 04-CF-77 |
| | ) | |
| KEN ALAN THOMAN, | ) | Honorable |
| | ) | Michael D. McHaney, |
| Defendant-Appellee. | ) | Judge, presiding. |

---

**Opinion Filed**:  April 3, 2008

---

**Justices**:  Honorable James K. Donovan, J.

Honorable Thomas M. Welch, J.,
Honorable Melissa A. Chapman, J.,
Concur

---

**Attorneys for Appellant**  Hon. Steven Friedel, State's Attorney, Fayette County Courthouse, 221 South 7th, Vandalia, IL 62471; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Sharon Shanahan, Contract Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Hwy. 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864

---

**Attorney for Appellee**  Pamela Lacey, 123 East Main Street, P.O. Box 39, Benton, IL 62812

---