FOURTH DIVISION
MAY 29, 2008

No. 1-07-0348

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 CR 5911 |
| | ) | |
| TONY OUSLEY and | ) | |
| DARIENTO ATTERBERRY, | ) | Honorable |
| | ) | Luciano Panici, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE CAMPBELL delivered the opinion of the court:

The State of Illinois appeals a decision of the circuit court of Cook County denying its motion to grant use immunity and compel testimony from a codefendant in a criminal trial.

The record on appeal discloses that codefendants Tony Ousley, Dariento Atterberry and Tyrese Jackson were indicted on multiple counts of first degree murder, attempted first degree murder, and aggravated discharge of a firearm in connection with February 7, 2004, murder of Brian Hill and attempted first degree murder of Rufus McDaniels and Anthony Bryant.

Following pretrial discover, the State filed a motion to grant "use immunity" and compel codefendant Jackson to testify against codefendants Ousley and Atterberry. In the motion, the State acknowledged that, as an indicted codefendant, Jackson could invoke his fifth amendment privilege against self-incrimination at trial. Accordingly, the State sought to grant Jackson "use immunity" pursuant to section 106-2.5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/106-2.5 (West 2006)), which provides in relevant part as follows:

"(b) In lieu of the immunity provided in Section 106-2 of this Code, in any investigation before a Grand Jury, or trial in any court, the court on motion of the State shall order that a witness be granted immunity from prosecution in a criminal case as to any information directly or indirectly derived from the production of evidence from the witness if the witness has refused or is likely to refuse to produce the evidence on the basis of his or her privilege against self-incrimination.

(c) The production of evidence so compelled under the order, and any information directly or indirectly derived from it, may not be used against the witness in a criminal case, except in a prosecution for perjury, false swearing, or an offense otherwise involving a failure to comply with the order. An order of immunity granted under this Section does not bar prosecution of the witness, except as specifically provided in this Section." 725 ILCS 5/106-2.5(b), (c) (West 2006).[1]

The State further declared that Jackson had given a videotaped statement to the police at the time of his arrest, which the State would seek to introduce as substantive evidence against

---

[1]Unlike a grant of transactional immunity, a grant of use immunity does not act as an absolute bar from prosecution but, rather, prohibits the State from using any evidence obtained under the grant of immunity, or leads derived from that evidence, against the immunized witness in a later criminal proceeding. People ex rel. Cruz v. Fitzgerald, 66 Ill. 2d 546, 549 (1977).

codefendants Ousley and Atterberry if Jackson gave live testimony inconsistent with the videotaped statement, pursuant to section 115-10.1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-10.1 (West 2006)).

Ousley and Atterberry filed a response to the motion, stating that: (1) Jackson gave the statement in return for a promise of leniency; (2) they had reason to believe Jackson would deny the veracity of the videotaped statement; and (3) Jackson had professed that, if granted use immunity, he would not testify to anything of substance. Codefendants argued that to introduce the videotaped statement under such circumstances would violate Bruton v. United States, 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 (1968), and its progeny, which hold that the use of a nontestifying codefendant's statement at a joint trial violated the defendant's sixth amendment right to confront and cross-examine the witnesses against him. Codefendants also argued that the State could not vouch for the veracity of any trial testimony by Jackson and failed to make an offer of proof regarding Jackson's expected testimony.

On January 5, 2007, following a hearing on the matter, the trial court denied the State's motion, ruling that the grant of use immunity would allow the State to admit Jackson's prior statement in violation of the rationale of Bruton and its progeny. The trial court also stated that if Jackson was put on the witness stand and failed to testify, there would be an issue under Crawford v. Washington, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354 (2004), which holds that out-of-court statements by witnesses that are testimonial are barred, under the confrontation clause, unless witnesses are unavailable and defendants had a prior opportunity to cross-examine the witnesses, regardless of whether such statements are deemed reliable by court.

The State filed a motion to reconsider, arguing that the statute was mandatory and that if

Jackson refused to testify, the State "cannot and would not enter the videotape into evidence" against the codefendants as prohibited by <u>Bruton</u>. The trial court denied the motion to reconsider. The State then filed a certificate of substantial impairment, stating that the trial court's order effectively precluded the State from calling Jackson as a witness. The State then filed a notice of appeal to this court.

On appeal, the State argues that the trial court erred in denying the motion to grant use immunity and compel codefendant Jackson to testify because the language of the statute is mandatory and because the constitutional issues were not ripe for adjudication.

The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature. <u>People v. McClure</u>, 218 Ill. 2d 375, 381 (2006). The best evidence of legislative intent is the language of the statutes. <u>McClure</u>, 218 Ill. 2d at 382. "When possible, the court should interpret the language of a statute according to its plain and ordinary meaning." <u>McClure</u>, 218 Ill. 2d at 382. "If intent can be determined from the plain language of the statute, there is no need to resort to interpretive aides." <u>McClure</u>, 218 Ill. 2d at 382. When considering the plain and ordinary meaning, we read the statute as a whole, considering all relevant provisions together. <u>People v. Olsson</u>, 335 Ill. App. 3d 372, 374 (2002). Moreover, statutes related to the same subject matter are to be read in conjunction. <u>People v. Cherry Valley Public Library District</u>, 356 Ill. App. 3d 893, 897 (2005). We are obliged to construe statutes both to avoid absurd or unjust consequences and to affirm their constitutionality. <u>People v. Williams</u>, 119 Ill. 2d 24, 28 (1987).

The State places much weight on the use of the word "shall" in the statute. Legislative use of the word "shall" is generally considered to express a mandatory reading. <u>People v.</u>

4

Robinson, 217 Ill. 2d 43, 53 (2005). The State also notes that the transactional immunity statute uses the more permissive term, "may." 725 ILCS 5/106-1 (West 2006). However, the word "shall" does not control the outcome and is not determinative. Robinson, 217 Ill. 2d at 53. When a statute expressly prescribes a consequence for the failure to obey its provision, that is very strong evidence the legislature intended that consequence to be mandatory. Robinson, 217 Ill. 2d at 54.

Section 106-2.5(b) does use the word "shall," which is generally given a mandatory meaning. However, the statute does not provide a consequence in the event the circuit court fails to grant the use immunity sought by the State. Moreover, subsection (b) is to be read in light of the language of subsection (c) providing that testimony given under use immunity is generally not to be used against the witness in the underlying criminal case.

In this case, the State seeks to try the codefendants together, with Jackson testifying against Ousley and Atterberry. The State has conceded that, in the event Jackson refuses to testify pursuant to the use immunity, it cannot introduce Jackson's videotaped statement to the police without running afoul of Bruton. Nevertheless, the State argues that the trial court ruled on the Bruton and Crawford issues before they were ripe because it is not known whether Jackson will refuse to testify or what he might say if he did testify.

One of the foundational premises of Bruton and its progeny is that, in the context of a joint trial, a jury cannot be expected to perform the overwhelming task of considering an inculpatory statement in determining the guilt or innocence of the declarant and then of ignoring it in determining the guilt or innocence of any codefendants of the declarant. See Bruton, 391 U.S. at 126-34, 120 L. Ed. 2d at 479-81, 88 S. Ct. at 1622-28. It would be equally unrealistic to

expect a jury in a joint trial to hear a defendant incriminate himself under a grant of use immunity and then ignore that self-incrimination when considering that defendant's guilt or innocence. The State cannot dismiss this as unripe speculation, as the use immunity statute is expressly intended to apply to cases where the witness has invoked the fifth amendment privilege or is likely to do so. To permit the State to compel testimony in this situation would not only raise serious constitutional questions, but also effectively circumvent the protections mandated by subsection (c) of the use immunity statute.

In short, constitutional issues would arise regardless of whether Jackson testifies or refuses to testify. Thus, the issue was ripe for adjudication and was required to be considered in interpreting the language of section 106-2.5. Reading the statute as mandatory, requiring the court to grant use immunity in a joint trial, where the declarant's guilt or innocence is at issue, would create an absurd result with regard to subsection (c) of the statute and raise serious constitutional questions that may be avoided by construing the statute as permissive in nature.

The State cites numerous cases in its brief, but none of them involves the situation presented here, *i.e.*, an attempt to grant use immunity to an indicted but not convicted codefendant at a joint trial.

Accordingly, the trial court did not err in denying the State's motion, given the facts and circumstances presented by the record on appeal. For all of the aforementioned reasons, we affirm the ruling of the circuit court of Cook County.

Affirmed.

O'BRIEN and MURPHY, JJ., concur.